L. R. SIMPSON and wife and others v. VIOLA V. WALLACE and another.

*Proceeding for Partition—Multifariousness—Practice—Conflicting Claim of Title—Homestead Estate after Death of Owner—Minor Child.*

1. A proceeding for partition which asks a division of several separate and distinct tracts of land not held by the same tenants-in-common, and blends in one, independent causes of action to which the same persons are not parties, is multifarious.

2. Partition will not be ordered of land which the defendant alleges that the plaintiffs have an estate for the life of another and an equal share with the defendant in a contingent remainder therein.

3. In such case, the court will not adjudicate in a proceeding for partition a conflicting claim of title set up by the defendant, so as to exclude him by the estoppel.

4. Where the owner of a homestead dies leaving children, some of age and one a minor, the homestead estate vests alone in the minor child until her or his majority.

( *Watson* v. *Watson*, 3 Jones Eq., 400; *Williams* v. *Hassell*, 74 N. C., 434; *Parks* v. *Siler*, 76 N. C., 191; *Justice* v. *Guion*, *Ib.*, 442; *McBryde* v. *Patterson*, 73 N. C., 478; *Purvis* v. *Wilson*, 5 Jones, 22; *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Hager* v. *Nixo* , ·69 N. C., 108; *Wharton* v. *Leggett*, 80 N. C., 169; *Lumbert* v. *Kinnery*, 74 N. C., 348; *Bank* v. *Green*, 78 N. C., 247; *Gheen* v. *Summey*, 80 N. C., 187; *Allen* v. *Shields*, 72 N. C., 504; *Johnson* v. *Cross*, 66 N. C., 167, cited and approved.)

SPECIAL PROCEEDING for partition of land commenced in the probate court of MECKLENBURG, and heard on appeal at Chambers, on the 28th of January, 1880, before *Schenck, J.*

The plaintiffs, petitioners, appealed from the ruling of the court below.

*Mr. Platt D. Walker*, for plaintiffs.
*Messrs. Jones & Johnston*, for defendants.

SMITH, C. J.   The three tracts of land described in the application for an order of partition are alleged to be held by the plaintiffs and the defendant, Viola, as tenants in common, to one of which the other defendant, Mary, also sets up a claim.

The first mentioned tract, or "Rock-house Place," was set apart to Wilson Wallace, their father, under proceedings in bankruptcy, as his homestead, and retains its exemption from liability for his debts, until the said Viola, his only minor child, attains the age of twenty-one years.

The second tract was devised by Nehemiah A. Harrison to his daughter Caroline, wife of the said Wilson, who died before her husband, since also himself deceased, and has descended to the plaintiffs, Martha J. and Nehemiah W. and the said Viola, her children and heirs at law.

The third tract was devised by the same testator, with several slaves, to his grandson, Dallas Maxwell, son of a deceased daughter, subject to the following limitation : "But if the said Dallas Maxwell should die without leaving heirs, then it is my will that the whole of the above mentioned land and negroes shall be equally divided between my two daughters, namely, Mary Farrow and Caroline Wallace."

Dallas, the devisee, who is still living, conveyed his land to the said Wilson, and the same was afterwards levied on and sold, under an execution against the latter, to his said children.

The defendant, Mary Farrow, made a party because of her asserted claim, which the court is asked to pass on, insists that under the will she and her sister, Caroline, are entitled in equal moieties to a contingent remainder in the land devised to Dallas, to take effect at his death without issue, and that the children of said Caroline succeed to her share thereof.

The proceeding is obnoxious to several objections:

I. It is multifarious, in that it asks a division of several separate and distinct tracts of land not held by the same tenants in common and then blends in one, independent causes of action to which the same persons are not proper parties. The defendant, Mary, has or asserts a contingent estate in one half of the remainder in the land devised to Dallas, and has no interest whatever in the others.

II. Upon the construction which sustains the continuing validity of the limitation in remainder, the plaintiffs and Viola have a vested estate in the land, for the life of said Dallas, and an equal share with said Mary in the contingent remainder. In case of such uncertain interests, partition will not be ordered. *Watson* v. *Watson*, 3 Jones Eq., 400; *Williams* v. *Hassell*, 74 N. C., 434; *Parks* v. *Siler*, 76 N. C., 191; *Justice* v. *Guion*, *Ibid.*, 442.

III. The court will entertain an application from a trustee for advice as to the discharge of the trusts with which he is clothed, and, as incident thereto, the construction and legal effect of the instrument by which they are created, when a case is presented in which the opinion can be made effective; but it will not adjudicate a conflicting claim of title set up by another, so as to exclude him by the estoppel, in a proceeding to which it is incidental only, and not necessary to the attainment of its main object. "I am not aware of any case," says Chancellor ............., " in which the heirs at law of a testator or devisee who claim a mere legal estate in the real property, *when there was no trust*, have

been allowed to come into a court of equity for the mere purpose of obtaining judicial construction of the provisions of the will." *Bowers* v. *Smith*, 10 Paige, 693.

So in *Bailey* v. *Biggs*, 56 N. Y., 407, FOLGER, J., thus comments on the case before the court: "The jurisdiction (in interpreting wills) is incidental to that over trusts. There is nothing of that sort here. The title and possession of. the plaintiff is purely a legal one. The title of the defendants, if they have any, is of the same kind. There is no trust to be enforced nor a trustee to be directed." See also *Bailey* v. *Southwick*, 6 Lansing, 356.

Where a defendant, alleged to be a tenant in common, sets up a sole seizin, the issue thus raised may be tried, and if decided against the defence, the partition will be ordered. *McBryde* v. *Patterson*, 73 N. C., 478; *Purvis* v. *Wilson*, 5 Jones, 22.

But no such relief can be obtained on a bill, showing an adverse title or claim in others than the alleged tenants in common to the land to be divided, as in the present case, as is expressly held in *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25, the estate devised being a legal estate, and the construction a legal question.

The tract devised to Caroline is held in common, and is a proper subject for partition in the probate court, which alone has original jurisdiction to make the order.

The only point then presented is as to the ownership of the homestead.

The children of Wilson, to whom it was assigned are, all, except Viola, of full age; and the question is, is she alone, or her adult brother and sister with her, entitled to the possession and use until she attains her majority?

The question is not free from difficulty, and the terms in which, by the law of other states, a part of the lands of an insolvent debtor are protected from the claims of creditors and secured to him and his family, are so various in them-

selves and so unlike our own, that we can derive little aid from their adjudications in determining the import of the constitutional provision in this state, and the acts passed to give it effect.

The homestead, a creature of the constitution in this state, where there is a widow and no children, passes to her, and by express words, " the rents and profits thereof shall enure to her benefit during widowhood, unless she be the owner of a homestead in her own right." Const., Art. X, § 5.

If there are children of full age, the exemption terminates at the debtor's death, and is prolonged only when there are minors, until the youngest arrives at twenty-one years. Art. X, § 3. *Hager* v. *Nixon*, 69 N. C., 108; *Wharton* v. *Liggett*, 80 N. C., 169.

The constitution thus secures no interest to any except infant children and then only during their several minorities. It would seem an unreasonable construction to exclude adults altogether when there are none others, and to allow them to participate in the enjoyment of property with their infant brothers and sisters, on whose account alone and because of their minority, the exemption is continued after their father's death.

The assignment of a homestead creates no new estate in the exempted land; it simply ascertains and sets apart a portion of what the debtor owns, of limited value, and relieves it from liability for his debts during a specified period, leaving in him the estate already possessed unimpaired. *Lambert* v. *Kinnery*, 74 N. C., 348; *Citizens' Bank* v. *Green*, 78 N. C., 247; *Gheen* v. *Summey*, 80 N. C., 187. And the exemption is protracted after death solely for the benefit of his infant children, if there be such. The homestead privileges do not constitute a descendible inheritance, though the debtor's original and retained estate, subject thereto, is liable to the creditors; and as it is created under the law,

the law must be looked to, to ascertain its qualities and the persons who are to have it.

It is, in our view, a beneficent provision in this aspect of the case, for the young and helpless, and the interest of each ceases when he reaches his majority. There is no community of property to which the laws of intestacy apply, nor is it subject to testamentary disposition. *Allen* v. *Shields*, 72 N. C., 504.

This interpretation seems to have been given in the case cited, by RODMAN, J., and also by those who passed the acts of legislation to give it effect; for they expressly provide that if the party entitled to a homestead die, without having it set apart, " his widow, if he have one, then his child and children, *under the age of twenty-one years*, if he leave such, may proceed to have such homestead and personal property exemption *laid off to her, him or them*, according to the provisions of sections 7 and 8 of this chapter." Battle's Revisal. ch. 55, § 10. While this section has been decided to be inoperative as to personal property in extending the exemption after death (not authorized by the constitution) in *Johnson* v *Cross*, 66 N. C.. 167, it is but carrying out the mandate as to the exempted land.

In our opinion, therefore, the homestead vests alone in the defendant, Viola, and the plaintiffs have no interest therein.

It is therefore declared and adjudged that the plaintiffs, Martha J. and Nehemiah W., as tenants in common, in equal shares with the defendant, Viola, of the second tract of land described in the complaint, and known as the " Washington Maxwell Place," devised to their mother, Caroline, are entitled to have partition thereof, but not of the other lands mentioned, and thus far the ruling of the court below is affirmed, and wherein it conflicts it is reversed.

A judgment may be entered in conformity with this opinion and it will be certified for further proceedings in the court below,

PER CURIAM.                              Modified.