HENRIETTA J. RADFORD and others v. RICHARD G. ELMORE and others.

*Covenant to reconvey—Legal and Equitable Estate.*

In 1866, a testator made his will devising land, and died in 1870, but in 1869, the land was sold under execution against him, and the purchaser covenanted to reconvey to testator on payment of sum bid; after testator's death, the purchaser took possession and occupied the premises until his death in 1875; in a suit by the devisees for the rents and profits and a redemption of the land under the covenant, a judgment was rendered in their favor and also decreeing a sale of the land to pay amount due the intestate purchaser; and the purchaser at this last sale conveyed to the defendant devisees, no collision being shown to exist, and the funds of the devisees being used in the purchase; *Held*, that the devisees took the equitable estate vested in the testator under the covenant, and the conveyance to them by said purchaser passed the entire estate.

(*Robbins* v. *Windley*, 3 Jones Eq., 286; *Williamson* v. *Williamson*, 5 Jones Eq. 142; *Simpson* v. *Wallace*, 83 N. C., 477, cited and approved.)

SPECIAL PROCEEDING for partition of land commenced in the probate court and heard at Fall Term, 1880, of WAYNE Superior Court, before *Gudger, J.*

The plaintiffs appealed from the judgment of the court below.

*Messrs. Allen & Isler*, for plaintiffs.

*Messrs. W. T. Faircloth, G. V. Strong* and *W. T. Dortch*, for defendants.

SMITH, C. J.   In April, 1866, Thomas R. Smith, who then owned the lands mentioned in the complaint, made his will, and therein devises to his infant children, the defendants, and to the feme plaintiff, an illegitimate child, in the following words of description: "all the property that I may die seized and possessed of, after paying my just and legal debts, after the death of Tilpha Elmore," the defendants' mother, as to one hundred acres given to her for life, with certain contingent limitations over in the event of the death of any or all of them without issue, which, as they are all alive need not now be considered.   The testator died in January, 1870, previous to which time, (to wit, on the first of May, 1869,) the land, after an assignment of the tract first described in the complaint as a homestead and subject thereto, was sold under execution against the testator by the sheriff, and his deed therefor executed to John Coley; and the latter soon after entered into a covenant with Smith, the debtor, to re-convey the land to him on payment of the sum for which it was bid off.

After the death of Smith, Coley took possession of the homestead tract, and retained and used it during his lifetime.   Upon his (Coley's) death in April, 1875, the plaintiff and infant defendants instituted an action against the executor of Smith, and the administrator and heirs at law of Coley, for an account of the rents and profits received by the latter during his occupation of the homestead and for a redemption of the land under the provisions of his covenant with the testator.   In this suit the defendants recovered the said rents and profits, excluding the plaintiff from any share therein, and the land was adjudged to be sold to pay the 'residue of the purchase money due the intestate, and the defendant, John R. Smith, appointed commissioner to make the sale.   The sale was accordingly made, and the land bought by one W. A. Deans, who afterwards conveyed it to the infant defendants.

The rents and profits of the homestead and the proceeds of sale of part of the land were used in making payment, but there was no evidence of collusion between the commissioner and Deans in the sale of the land to Deans, nor to impeach the *bona fides* of the transaction which vests the title in the defendants.

Two issues were submitted to the jury :

I. Are the plaintiff and defendants tenants in common ?

II. Did the defendant, John R. Smith, pay for the land with money or other property in which the plaintiff had an interest ?

The plaintiff's counsel asked the court to charge the jury that if they believed the evidence, they should find for the plaintiff. The court refused to give the instruction, and told the jury if they believed the evidence their verdict should be for the defendants. To both issues the response was in the negative. The estate of the testator in the land at the time of his death, was quite different from that he possessed when he executed his will ; but his intent is manifest that all the property he had, with the exception already mentioned, should go to the defendants, his legitimate children, and the plaintiff ; and, as under the act of 1844, a will is made to speak and take effect with reference to the real and personal estate comprised therein, " as if it had been executed immediately before the death of the testator, unless a contrary intent shall appear by the will ;" and as such contrary intent does not appear in the instrument, the devisees take the equitable estate vested in the testator under the covenant of Coley. Battle's Revisal, ch. 119, § 6 ; *Robbins* v. *Windley,* 3 Jones Eq., 286 ; *Williamson* v. *Williamson,* 5 Jones Eq., 142.

The sale to Deans to pay the encumbering debt, passed the entire estate in the land divested of all equity, and in the same plight it is purchased with funds of the defendants and the proceeds of the sale of a portion of it, in neither of

which had the plaintiff any interest, and conveyed to them. *Simpson* v. *Wallace*, 83 N. C., 477.

His Honor therefore properly denied the request of the plaintiff's counsel, and directed the jury upon the evidence, if believed by them, to find for the defendants.

There is no error, and the judgment must be affirmed.

No error.                                         Affirmed.