## L. M. ALSBROOK v. SARAH C. REID.

*Partition—Jurisdiction—Trusts and Trustees.*

1. A petition for partition must give a description of the land, and set forth that the parties are tenants in common and in possession, in order to give the court jurisdiction.

2. The advisory jurisdiction of the court will not be exercised in construing a will, where the estate devised is a legal one and the question of construction purely legal. Such jurisdiction attaches to that over trusts, in directing trustees how to discharge their duties, incidentally involving a construction of the instrument creating the trust.

(*Thomas* v. *Garvan*, 4 Dev., 223; *Ledbetter* v. *Gash*, 8 Ired., 462; *Simpson* v. *Wallace*, 83 N. C., 477; *Simmons* v. *Hendricks*, 8 Ired. Eq., 84; *Tayloe* v. *Bond*, Busb. Eq., 5; *Alexander* v. *Alexander*, 6 Ired. Eq., 229, cited and approved).

SPECIAL PROCEEDING heard at Spring Term, 1883, of HALI-FAX Superior Court, before *Philips, J.*

This proceeding was instituted by the plaintiffs, Louis M. Alsbrook, Henry Billups and wife, Laura L. Billups and Alma M. Howell (by her next friend, the said Alsbrook), against Sarah C. Reid, on the 1st day of September, 1882, before the clerk of the superior court, to sell land for partition, and the same was heard by him upon the following case agreed:

1. David Alsbrook was seized and possessed of the lands described in the pleadings, and the interest of all parties concerned would be promoted by a sale thereof.

2. At the time of the making of the will of David Alsbrook and at the time of his death, the defendant Sarah C. Reid had one child living (the plaintiff Laura Billups), and one grandchild (the plaintiff Alma), a daughter of her son, W. G. Howell, who was dead at the time of the testator's death, and these facts were known to the testator.

The certified copy of the will annexed to the complaint is a true copy of the will of David Alsbrook, which contained, among

others, the following clause: "I give and bequeath to my son, Louis M. Alsbrook, and my daughter, Sarah C. Reid, all the balance of my estate, to be equally divided between them after paying all my just debts. I leave and empower my executor to sell all my entire estate to the highest bidder, as he may deem best for my heirs; to my daughter, Sarah C. Reid, as named above, I loan to her the portion of my estate named to her and her use all of her natural life and then to her children forever in fee simple."

The plaintiff (Louis) insisted that he was entitled, by a proper construction of the will, to a moiety of the land in fee simple; and he also insisted, in behalf of the plaintiff Alma, that the defendant was only entitled to a life estate in one-half of the same, and that Alma Howell and Laura Billups are entitled to the remainder, share and share alike; and the said Laura contends that she is entitled to the remainder of one moiety in fee. And the defendant insisted that she is entitled to one-half of the land in fee.

The clerk, being of the opinion that Louis M. Alsbrook and Sarah C. Reid were entitled to the land, share and share alike, and that Alma Howell and Laura Billups had no interest therein, gave judgment accordingly, and ordered a sale of the land. The plaintiffs, Alma and Laura, appealed to the superior court, in term, where the order of sale was affirmed and the judgment declaring the respective interests of the said parties was reversed. And His Honor adjudged that said Alma and Laura have, and are entitled to, an undivided one-half interest in the land upon the death of the defendant Sarah, who takes under the will a life estate in the said undivided one-half.

From this judgment the plaintiff Laura and the defendant Sarah appealed.

*Messrs. Mullen & Moore,* for the plaintiff.
No counsel for the defendant.

ASHE, J. The proceeding in this case was instituted ostensibly for the purpose of procuring a sale of land for partition among the heirs of David Alsbrook, but the case comes before us in a very questionable shape. It is not alleged in the complaint that the parties are tenants in common, nor that any of them are in possession of the land; and there is no description of any land which is sought to be sold; and these are matters necessary to be set forth in every petition for partition—whether to be divided or to be sold for the purpose of partition. *Thomas* v. *Garvan*, 4 Dev., 223; *Ledbetter* v. *Gash*, 8 Ired., 462.

These defects would be fatal to the jurisdiction, even if the clerk had jurisdiction. But the proceeding is evidently undertaken to obtain a construction of the will of David Alsbrook, and thereby have the legal rights of the parties ascertained, without resorting to the less speedy and more expensive remedy provided by law for the determination of such rights. The clerk clearly had no jurisdiction of the case, as presented by the record.

Under the former system, the courts of law and equity had concurrent jurisdiction in cases of partition; but whenever a sale was found to be necessary to effect a just and equitable partition, advancing the interests of the parties, the courts of equity had exclusive jurisdiction. By the act of 1868–'69 (Bat. Rev., ch. 84, §13) this jurisdiction was conferred upon the superior courts, and they were invested in this particular with the same powers as had been possessed and exercised by the courts of equity. But the courts of equity, themselves, had no such jurisdiction as that assumed and exercised by the clerk of the superior court in this case.

The former courts of equity entertained, and our superior courts still entertain applications for advice and instructions from executors and other trustees, as to the discharge of trusts confided to them, and incidentally thereto, the construction and legal effect of the instrument by which they are created. But the courts of equity never exercised this advisory jurisdiction when

the estate devised is a legal one, and the question as to construction is purely legal. The jurisdiction is incident to that over trusts. Where there is no trust or trustee to be directed, the court of equity never takes jurisdiction. *Bailey* v. *Biggs*, 56 N. Y., 407; *Simpson* v. *Wallace*, 83 N. C., 477; *Simmons* v. *Hendricks*, 8 Ired. Eq., 84; *Tayloe* v. *Bond*, Busb. Eq., 5; *Alexander* v. *Alexander*, 6 Ired. Eq., 229; where it is held: " When the estate devised is a legal one, and the question of construction disputed between the parties is a legal one, a bill for partition of land will not lie, nor can such a bill be sustained which states a legal controversy between the plaintiffs and defendants; and that the bill should allege a seizin or possession in the defendants and plaintiffs themselves." This decision is appositely applicable to our case. Here, the estate devised is a legal one, and the question of construction disputed between the parties, not only between the plaintiffs and defendants, but between the plaintiffs themselves; and there is no seizin or possession alleged in the parties, and we may add, no trust or trustee to be directed.

The proceeding cannot be maintained and must be dismissed. Error.                                         Dismissed.