JAMES T. COZART and others v. THOMAS B. LYON.

*Wills, construction of—Jurisdiction.*

A suit for the construction of a devise will not be entertained, where the devisees claim a mere legal estate in the land and no trusts are involved. Cases where the court has given such construction incidentally arising and necessary to the decision of a cause properly before it, reviewed by ASHE, J.

(*Hough* v. *Martin,* 2 Dev. & Bat. Eq., 379; *Alsbrook* v. *Reid,* 89 N. C., 151; *Tayloe* v. *Bond,* Busb., 5; *Simmons* v. *Hendricks,* 8 Ired. Eq., 84, cited and approved.)

CIVIL ACTION tried at Spring Term, 1884, of GRANVILLE Superior Court, before *McKoy, J.*

The defendant appealed from the ruling and judgment of court below.

*Messrs. Gray & Stamps* and *John W. Hays,* for plaintiffs.
*Mr. M. V. Lanier,* for defendant.

ASHE, J. The object of this action is to obtain a con-

struction of the will of John W. Lyon, deceased, in regard to the disposition of his real estate under said will.

A trial by jury was waived, and all the issues of fact as well as of law were submitted to the determination of the court.

On the trial, a plat was exhibited by the parties, showing with general correctness the different tracts of land of the testator, and their relative situation and boundaries in respect to one another.

There were several tracts of land devised by the testator to different persons, lying contiguous to each other, and, in consequence of the want of specification in the description of the land devised in the third item of the will to the plaintiffs, a contention arose between the plaintiffs and the defendant, to whom was devised an adjoining tract; and this action was brought to obtain a construction of the will in this particular, and to have the boundary between the parties defined and settled.

His Honor assumed jurisdiction of the case, construed the will, fixed the boundary in dispute, and ordered the defendant, who was sued as executor as well as devisee, to put plaintiffs in possession of the land embraced within the boundaries as defined in his judgment.

In all this there was error.. The court had no jurisdiction of the case as constituted.

It was an action brought solely for the construction of the will, with reference to the devises therein contained, and it is the equitable jurisdiction of the court which is invoked for that purpose.

The construction of devises of legal interests in land is a legal question, and belongs to the tribunals of law and not to those of equity, and the obscurity of the will furnishes no sufficient reason for applying to equity ; and a court of equity will not construe a bill to settle boundaries, except in cases in which the boundaries were once certain and were rendered

uncertain by the default or fraud of the defendant. *Hough Martin*, 2 Dev. & Bat., 379.

But courts of equity, and now our superior courts in which law and equity are blended, will entertain applications for advice and instructions from executors and other trustees as to the discharge of trusts confided to them, and incident thereto the construction of and legal effect of the instruments by which they are created, but never exercise this jurisdiction when the estate devised is a legal one, and the question of construction is purely legal. *Alsbrook* v. *Reid*, 89 N. C., 151, and cases there cited to the same effect.

In *Tayloe* v. *Bond*, Busb. Eq., 5, Pearson, J., speaking for the court, said: "The idea that courts of equity have a sweeping jurisdiction in reference to the construction of wills is an erroneous one. The jurisdiction in matters of construction is limited to such as are necessary for the present action of the court and upon which it may render a decree or direction in nature of a decree. The court cannot, for instance, entertain a bill for the construction of a devise. Devisees claim by purchase under the devise, as a conveyance. Their rights are purely legal and must be adjudicated by the courts of law. A court of equity can only take jurisdiction when trusts are involved or when devises or legacies are so blended and dependent on each other, as to make it necessary to construe the whole in order to ascertain the legacies."

In *Bowes* v. *Smith*, 10 Paige, 693, it was said by the court that the heirs at law or devisees who claim a mere legal estate in real property, when there was no trust, have never been allowed to come into a court of equity for the mere purpose of obtaining judicial construction of the provisions of the will.

In *Bailey* v. *Biggs*, 56 N. Y., 407, it is held that "the jurisdiction (in construing wills) is incidental to that over trusts. There is nothing of that sort here. The title and possession

of the plaintiff is purely a legal one. The title of the defend-
ants, if they have any, is of the same kind."

The principle announced by these authorities is with refer-
ence to the advisory jurisdiction of the courts of equity.
But there are cases where the courts of equity will put a
construction upon wills and deeds where questions of that
kind incidentally arise in actions or proceedings pending
in them, under some of the heads of their acknowledged
jurisdiction. It was so held in the case of *Simmons* v. *Hen-
dricks*, 8 Ired. Eq., 84, in which the court say : " A court of
equity will not take jurisdiction simply to put a construc-
tion on a deed or devise, because that is a pure legal ques-
tion. There is a plain remedy at law, and such an assump-
tion on the part of a court of equity would break down all
distinction between the two jurisdictions. But where a
case is properly in a court of equity, under some of its
known and accustomed heads of jurisdiction, and a ques-
tion of construction incidentally arises, the court will de-
termine it, it being necessary to do so in order to decide the
cause." That was a bill in equity filed for partition, of
which the court had concurrent jurisdiction with the courts
of law, and a construction was there given to a devise which
was necessary to decide the cause. But in our case the
action is not instituted under any known head of equity
jurisdiction, but is brought solely for the purpose of obtain-
ing the construction of the court upon a devise contained
in the will.

The action cannot be sustained, and must be dismissed
for want of jurisdiction.

Action dismissed.