PRISCILLA LITTLE et. als v. C. R. THORNE and wife.

*Jurisdiction— Wills—Trusts—Construction.*

1. The advisory jurisdiction of the courts in respect to the construction of wills and trusts is limited to those cases where it is necessary for the present action of the Court, and upon which it may enter a decree, or direction in the nature of a decree; but it will never be exercised to give an abstract opinion.

2. The only exception to this rule is where, the Court having properly acquired jurisdiction of the case, a question of construction incidentally arises, and it is necessary to the determination of the cause to consider it.

(*Tayloe* v. *Bond*, Busb. Eq., 5; *Alsbrook* v. *Reid*, 89 N. C., 151; *Simpson* v. *Wallace*, 83 N. C., 477, cited and approved).

CIVIL ACTION heard before *Gudger, Judge,* at Spring Term, 1885, WILSON Superior Court, upon the following "case agreed:"

This is an action brought by the plaintiffs, claiming as legatees and devisees, under the will of Gray Lodge, against the defendants, who also claim in the same character under said will, for a construction of certain trusts and devises therein contained.

Rebecca Lodge, wife of Gray Lodge, to whom certain devises and bequests were made, having died before the constitution of the action, her executor was made a party defendant, and the administrator of Gray Lodge a party plaintiff, after the commencement of the action.

Gray Lodge, of the county of Wilson, died in January, 1881, leaving a will dated Nov. 3, 1866, which was duly proven and admitted to probate, that portion of said will which is material to this cause being in these words: "After all my just debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to-wit: To my beloved wife all the land I now possess, known as the Odom tract of land, lying on Frank's Branch, adjoining the lands of Benjamin Simpson and Bartley Deans and others, together with all my stock and other property of any kind whatever, as I am now possessed of, during her lifetime, and after her death for my sister Prissy Little, her or her heirs, to share and to share equally with my wife's heirs."

Rebecca Lodge, wife of Gray Lodge, died without issue in the month of January, 1885, devising by will all her estate of every description to Louisa Shavers, now Louisa Thorne, wife of the defendant C. R. Thorne.

Rebecca Lodge on March 28, 1881, executed this paper writing: "Received of Geo. W. Blount, administrator with the will annexed of Gray Lodge, eight hundred dollars, together with the personal estate of all kinds belonging to the estate, and which under the will was given to me during my life, consisting of 21 head of hogs, 2 horses, 1 milch cow, 2 oxen, and a yearling, poultry, household and kitchen furniture and farming utensils, and which I am to account for." At the time of executing this receipt, Rebecca Lodge was informed by the administrator that she would have to account for one-half of the personal property mentioned. The eight hundred dollars mentioned in this receipt was a note which Gray Lodge held against Rountree, Barnes & Co., and was turned over to Mrs. Lodge by Blount, administrator, and by her subsequently surrendered to R., B. & Co., she taking their note payable to her in place thereof.

Priscilla Little, one of the plaintiffs in this action, is the Prissy Little named in Gray Lodge's will. Elizabeth Mills, the other plaintiff, is one of the heirs-at-law of Rebecca Lodge, being Rebecca's niece and Priscilla's daughter.

At the date of Gray Lodge's will, he was sixty years old and Rebecca fifty.

Geo. W. Blount, administrator of Gray Lodge, was duly made a party plaintiff, and Moses Rountree, executor of Rebecca Lodge, was duly make a party defendant in this action.

The Court is asked to decide:

1. Whether, under the will of Gray Lodge, his wife became entitled to an undivided one-half interest in the land in fee, or whether she was entitled merely to a life estate therein.

2. Whether she was entitled to the use of the personal property named in the will of Gray Lodge during her life, or whether she was the absolute owner thereof.

The defendants admit that Priscilla Little is entitled to one-half the land mentioned in fee.

His Honor gave judgment expressing his opinion upon the construction of the several clauses of the will upon which his construction was asked, and the plaintiffs appealed to this Court.

*Mr. W. P. Williamson* (by brief), for plaintiffs.
*Messrs. Woodard & Bruton,* for defendants.

ASHE, J. (after stating the facts). The action seems to be predicated upon the general idea that a court of equity has a sweeping jurisdiction in reference to the construction of wills, which Chief Justice PEARSON said, in the case of *Tayloe* v. *Bond,* Busb. Eq., 5, was an erroneous idea. In that case, the learned Judge, in his well considered opinion, has given a very clear exposition of the jurisdiction of a court of equity, in the construction of wills, and from it we deduct the following rule as established: That the jurisdiction in matters of construction is limited to such as are necessary for the present action of the Court, and upon which it may enter a decree or direction in the nature of a decree. It will never give an abstract opinion upon the construction of a will, nor give advice, except when its present action is involved in respect to something to be done under

its decree. That it will not entertain an action for the construction of a devise, for the rights of devisees are purely legal, and must be adjudged by the courts of law. The only exception to this is where a case is properly in a court of equity, under some of the known and the accustomed heads of jurisdiction, and a question of construction incidentally arises, the Court will determine it, it being necessary to do so in order to decide the cause—as for instance, in actions for partition, or for the recovery of legacies where devises and legacies are so blended and dependent on each other, as to make it necessary to construe the whole, in order to ascertain the legacies; because the Court having jurisdiction over legacies must take jurisdiction over all matters necessary to its exercise.

The advisory jurisdiction of the Court is primarily confined to trusts and trustees, *Alsbrook* v. *Reid*, 89 N. C., 151, and cases there cited. Hence the Court will advise executors who are regarded as trustees, as to the discharge of the trusts with which they are clothed, and as incident thereto, the construction and legal effect of the instrument by which they are created, when a case is presented where the action of the Court is invoked as distinguished from an *abstract opinion*. *Simpson* v. *Wallace*, 83 N. C., 477; *Tayloe* v. *Bond*, *supra*. But in the latter case it is said there is no ground upon which to base a jurisdiction, to give advice to an executor in regard to his future conduct or future rights or to allow him to "ask the opinion of the Court as to the future rights of a legatee," as, for instance, "who will be entitled when a life estate expires?" But the advice is only given upon an existing state of facts, upon which a decree or some direction of the Court in nature of a decree is solicited.

In the case presented by the appeal for our consideration, the executor does not invoke the aid of the Court with respect to any of his duties arising under the will of the testator, but the action is constituted by some of the legatees and devisees under the will against others, for the abstract opinion of the Court, with regard to their several rights under the will. The executor is made a

party, *pro forma,* after the institution of the action, and he who is a trustee, and is the only party to the action who could ask the aid of the Court, asks nothing. And then there are no pleadings in the case, no complaint, no answer, no order, or decree asked—nothing but a summons and a *case agreed* between parties, who have never been recognized as persons who might invoke the advisory aid of the Court. It is a case of the first impression, and is not authorized by any decision or *dictum* of any court that we are aware of.

The action is therefore dismissed, and each party will pay his own costs.

Error.                                                 Appeal dismissed.