JOHN A. TYSON and J. F. GADDY, Executors of JOHN TYSON, v. JAMES M. TYSON and others.

*Jurisdiction of Supreme Court—Bill for advice to Executors.*

1. In an action brought by executors against the devisees and legatees of their testator, in the nature of a bill in equity, to obtain a construction of the will for the guidance and protection of the executors, only those questions will be determined by the Court which are necessary to be settled in order to protect the executors in the discharge of their duties.

2. Disputes between the devisees, as to the construction of the will as bearing upon their rights, must be left to be settled in an action between them.

3. The appellate jurisdiction of this Court is limited to the correction of errors in the rulings below. Hence, when there has been no ruling thereon in the lower Court, this Court cannot pass upon a question presented by the record. (See *Scroggs* v. *Stevenson, ante,* 354.)

TYSON v. TYSON.

CIVIL ACTION, tried before *Connor, J.,* at November Term, 1887, of ANSON Superior Court.

The action was brought to obtain a construction of the will of plaintiffs' testator, for the guidance of plaintiffs in the discharge of their duties.

A jury trial was waived, and the Court found the facts.

Both sides appealed.

The facts are stated by the Chief Justice as follows:

John Tyson died in February, 1885, leaving a will, and therein appointing his son John A. Tyson and his sons-in-law J. F. Gaddy and Atlas D. Dumas his executors, of whom the first named two are the plaintiffs in the action, and the defendants are the heirs at law, devisees and legatees mentioned in the will, with the husbands of such as have intermarried.

The will is in these words:

I, John Tyson, of the County of Anson and State of North Carolina, being of sound mind and memory, but considering the uncertainty of my earthly existence, do make and declare this my last will and testament, in manner and form following, that is to say:

1. That my executors, hereinafter named, shall provide for my body a decent burial, suitable to the wishes of my relations and friends, and pay all my funeral expenses, together with my just debts, howsoever and to whomsoever owing, out of the moneys that may first come into their hands as a part and parcel of my estate.

2. I give to my beloved wife, Mary Tyson, 200 acres of land, more or less, on which I now live (for metes and bounds see papers in my possession), together with all outhouses, stock and cattle of all kinds, with all supplies of corn, wheat; meat, &c., that may be on hand; also the growing crops on the place, with all household and kitchen furniture; indeed, everything on the place as it now is, for and during her nat-

ural life. At her death, the lands herein willed to my wife to go to Joanna B. Crump and her bodily heirs.

3. I give and bequeath to my eldest son, James M. Tyson, (now in the West,) six hundred dollars, which sum, together with former advances, will make a fair proportion of my personal estate.

4. I give to my son William G. Tyson (also in the West), six hundred dollars, which, together with former advances, will make him a fair proportion of my personal estate.

5. I give and bequeath to my son John A. Tyson, in addition to former advances, seventy-eight acres of land, being a part of the Watkins land in Stanly County, and lying on the waters of Pee Dee River, adjoining the lands of R. F. Tyson and W. H. Watkins, (for metes and bounds see papers in my possession). I also give him six one-hundred dollar shares in the Pee Dee Manufacturing Company; also my silver watch.

6. I give and bequeath to my son Robert F. Tyson, two tracts of land in Stanly County, known as the Watkins land, on Pee Dee River—tract No. 1, lying as above described, adjoining the lands of Jas. Smith and John A. Tyson, containing 73½ acres; No. 2 is also part of the Watkins land, on which he now lives, containing 76 acres, adjoining Wall and others. For metes and bounds see papers in my possession. I also give him six one-hundred dollar shares in the Pee Dee Manufacturing Company.

7. I give and bequeath to Emeline J. Mills two tracts of land in Anson County—one on which she now lives, of one hundred acres, more or less, adjoining the lands of F. A. Clarke and others; the second tract, lying on the east side of Little Creek, known as the Frem George lands, adjoining Sibley land and others, containing 194 acres, (for metes and bounds see papers in my possession,) the herein described lands to be hers during her natural life, and then to her bodily heirs. I also give to the bodily heirs of Emeline J.

Mills five hundred dollars, to be equally divided between them.

8. I give and bequeath to Mary H. Gaddy one tract of land in Anson County, on which she now lives, on the waters of Rocky River, known as the R. R. Bill Lee lands, containing 393 acres, more or less. The herein described lands to be hers during her natural life, and then to her bodily heirs.

9. I give to Frances E. Dumas two tracts of land in Anson County, on the waters of Brown Creek—the first a tract on which she now lives, containing 143 acres, more or less, known as the George A. Smith lands, adjoining R. A. Carter and others; the second tract, on Brown Creek, above the mouth of Jack's Branch, containing 389 acres, more or less, adjoining the lands of Wm. Little and others. For metes and bounds see papers in my possession. The above described lands to be hers during her natural life, and then to her bodily heirs. I also give to her five hundred dollars in money.

10. I give and bequeath to my daughter Joanna B. Crump, in consideration of her taking care of her mother, two other tracts of land besides the one referred to in article 2d—one on which she now lives, of 181 acres; one other tract of 200 acres on Rocky River, in Anson County, known as the Turner lands, adjoining the lands of John R. Richardson. For metes and bounds see papers in my possession. The above described lands to be hers during her life-time, then to her bodily heirs.

11. My will and desire is, that all the residue of my estate, after taking out the above mentioned, shall be sold and debts owing me collected, and my debts paid, and the surplus shall be equally divided between my six children, John A. Tyson, R. F. Tyson, Emeline J. Mills, Mary H. Gaddy, F. E. Dumas, and Joanna B. Crump.

12. I hereby appoint and constitute my son John A. Tyson and my sons-in-law J. F. Gaddy and Atlas D. Dumas

my lawful executors, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

In witness whereof, I, the said John Tyson, do hereunto set my hand and seal, this 23d day of January, A. D. 1884.

JOHN TYSON (Seal).

. Signed, sealed, published and declared by the said John Tyson to be his last will and testament, in the presence of us, who, at his request and in his presence, do subscribe our names as witnesses thereto.

G. O. WILHOIT,

R. M. BILES.

The action is instituted to obtain the advice of the Court as to the construction of certain provisions in the will, about which a controversy has sprung up among the defendants, as a guide to the plaintiffs in discharging their trust, and the interrogations propounded are as follows:

1. Who are "the bodily heirs of Emeline J. Mills, who is now fifty years of age, to whom is bequeathed a legacy of $500, in the 7th item?"

2. When and to whom is this legacy to be paid?

3. Can the shares of each therein be ascertained before the death of said Emeline?

4. From what time, if any, does this sum bear interest?

5. Does the death of Mary Tyson, during the testator's life, and some twenty days previous to his death, defeat the devise contained in the tenth clause and made "in consideration of her (Joanna B. Crump) taking care of her mother," either in the life estate given Joanna, or in the remainder "to her bodily heirs?"

A jury trial being dispensed with, the Court found the

facts, and declared the law applicable to the matters in contention in the following judgment:

This cause coming on for hearing before the Court upon the complaint and answers, with the exhibits thereto attached, a jury trial being waived, the Court, by consent, finding the facts:

1. That John Tyson, late of the County of Anson aforesaid, having first made and executed his last will and testament, in sufficient form, and duly attested, to pass real and personal property, died in the County of Anson on the 19th day of February, 1885; a copy of said will is hereto attached as a part of this judgment. (For copy of will, see pages 3–6, "Exhibit A," of this record.)

2. That the plaintiffs, John A. Tyson and J. F. Gaddy, (the defendant A. D. Dumas having renounced his right to qualify) presented the said will for probate in the Court having jurisdiction thereof, on the 9th day of March, 1885, and the same being duly admitted to probate, qualified as executors thereto, and at once entered upon the discharge of the duties of said office.

3. That the defendants, James M. Tyson, W. G. Tyson, Robert F. Tyson, Mary H. Gaddy, Frances E. Dumas, intermarried with A. D. Dumas, Joanna B. Crump, intermarried with Joseph A. Crump, Emeline J. Mills, intermarried with J. Q. Mills, and the children of said Emeline J. Mills, to-wit, John Mills, Lucy Caudle, intermarried with Isaac Caudle, being of full age, and Mamie Mills, Albert Mills, and Edgar Mills, infants, and represented by their father and guardian ad litem, John Q. Mills—are the children and grandchildren of the said John Tyson, and are the legatees and devisees named in said will.

4. That Mary Tyson, the wife of said John Tyson, the person named in the second clause of said will, died on the 31st day of January, 1885, and before the death of her said husband, the said John Tyson.

5. That said John Tyson was, at the time of his death, and at the time of making his will, very old, as was also his wife, the said Mary Tyson; that said Mary Tyson was, for several years prior to her death, in feeble health.

6. That the defendant Joanna Crump, together with the other children of said John and Mary Tyson, was kind and attentive to the wants of their said mother.

7. That the said John Tyson was a man of good estate, and supplied his family with such articles as were needed and suited to their comfort and condition in life, and by his will made ample provision for his wife, had she survived him.

8. That prior to his death, and in contemplation thereof, said John Tyson placed, in separate parcels, the title deeds to the several tracts of land devised to his children, and wrote their names on the parcels, covering the lands so devised. That the title deeds to the land mentioned in item tenth of the will were so placed in a package, and the name of Joanna B. Crump written thereon.

9. That the plaintiffs executors have in their hands, after discharging the other trusts declared in said will, a sufficient sum to pay the legacy mentioned in item seven of the will.

10. That Emeline J. Mills was fifty years of age at the time of the death of John Tyson, and has had no child since that time.

Upon the foregoing facts, it is considered and adjudged by the Court:

1. That the words " bodily heirs " of Emeline J. Mills, as used in the 7th clause of the will of John Tyson, are to be construed as meaning the children of said Emeline J. The language is not to be taken in its technical sense, but as describing a class of persons to whom the testator wished to bequeath the sum of money mentioned. He recognizes the fact that Emeline J. Mills is living, hence could have no

bodily heirs, technically speaking, *Nemo est haeres viventis;* see *Bullock* v. *Bullock,* 2 Dev. Eq., 307 ; *Ward* v. *Stow,* 2 Dev. Eq., 509 ; *Simms* v. *Garrot,* 1 Dev. & Bat. Eq., 393 ; *The Code,* § 1329.

2. That the children of said Emeline J., living at the death of the testator, are entitled to said legacy, " to be equally divided between them." *Simms* v. *Garrot,* 1 Dev. & Bat. Eq., 393.

3. That said legacy is to be paid at the end of two years from the qualification of the executors of John Tyson. *The Code,* § 1510.

4. That said legacy bears interest after one year from the death of John Tyson. *Hart* v. *Williams,* 77—426.

5. That in regard to the effect of the death of Mary Tyson, the wife of said John Tyson, before his death, upon the devise to Joanna B. Crump, set out in item ten of the will, the Court will not, in this proceeding, adjudicate the legal rights of the parties ; but for the purpose of advising the plaintiffs executors in respect to their duties under the provisions of section 10 of said will, it is considered and adjudged, that it is not the duty of said executors to sell the said land so devised to Joanna B. Crump and divide same, &c. That the plaintiffs will pay the costs of this proceeding out of the assets of their testator.

From the foregoing judgment, the plaintiffs and the defendants, except the children of Emeline J. Mills, and Joanna B. Crump, appealed.

*Messrs. R. H. Battle* and *E. C. Smith,* for the various parties litigant.

SMITH, C. J., (after stating the facts). The appellants have no interest in the solution of the question referable to the pecuniary bequests " to the bodily heirs of said Emeline

J," nor would we be disposed to differ with the Judge in his rulings upon this matter, if it were before us.

The Judge very properly declined to advise as to the devise of the land mentioned in the 10th item, and the effect of the words used in connection, "in consideration of her taking care of her mother," further than to say, it was not the duty of the executors, under the 11th residuary clause, to sell the land given to Joanna, and her bodily heirs after her death, in the clause immediately preceding. Whether the devise failed because of the death of the mother before that of the father, the testator, was not an inquiry which the executors could make of the Court, under the established rules of practice. *Tayloe* v. *Bond*, Busb. Eq., 15; *Little* v. *Thorne*, 93 N. C., 69; *Cozart* v. *Lyon*, 91 N. C., 282, and other cases, and for the simple reason that a question of law is raised among heirs and devisees, and must be settled in an action between the contending claimants to the land. The executors have nothing to do with this contention, and, as such, have no duty to perform, unless it devolves upon them, in one view of the case, to make sale.; and this inquiry is answered.

Our appellate jurisdiction is limited to the correction of errors in the rulings below, and when there has been no ruling, that jurisdiction cannot be invoked or exercised.

Without intimation of an opinion upon a point not before us, it is not improper to refer to the recent case of *Burleyson* v. *Whitley*, reported in 97th N. C., 295.

There is no error, and the judgment is affirmed.

No error.                                                    Affirmed.