JOHN OLIN HEPTINSTALL v. M. E. NEWSOME et al.

(Filed 19 February, 1908).

**Courts—Wills—Jurisdiction—Equity—Adverse Interests.**

> The advisory jurisdiction of courts of equity does not extend to the mere construction of a will to ascertain the rights thereunder of devisees or legatees. Such is not sustained under Revisal, 1589, when not brought by the plaintiff against some person claiming an adverse estate or interest.

THIS is a proceeding commenced in the Superior Court of HALIFAX County, before *W. R. Allen, J.,* at Fall Term, 1907, for the construction of the will of John W. Heptinstall, who died domiciled in said county and seized and possessed of an estate consisting of both real and personal property.

From judgment for plaintiff the defendants appealed.

*E. L. Travis* and *W. E. Daniel* for plaintiff.

*Manning & ·Foushee, J. P. Pippin* and *R. O. Everelt* for defendants.

BROWN, J.   This appears to be an action brought by the plaintiff, one of the devisees of the testator, against such of the other devisees as are *in esse,* for the purpose of obtaining a construction of the will as to the devisees of real estate, and to determine what estates some of the devisees take.   While we readily concur in the correctness of the decree of the learned Judge construing the will in all its parts, we cannot recognize the regularity of this proceeding nor the jurisdiction of the court to entertain it.   It seems to be predicated upon the idea that a court of equity has a sweeping jurisdiction in reference to the construction of a will, which, under the authorities, is an erroneous one.   *Tyson v. Tyson,* 100 N. C., 368; *Cozart v. Lyon,* 91 N. C., 282.   The jurisdiction in matters of construction is limited to such as are necessary to the present action of the court.   The court will not undertake to construe a devise in a proceeding of this character, for the rights of devisees are purely legal and must be adjudged when a cause of action arises.   The advisory jurisdiction of courts of equity is primarily confined to trusts and trustees, which include executors, as far as their rights, powers and duties under the will are concerned.   *Alsbrook v. Reid,* 89 N. C., 151; *Liltle v. Thorne,* 93 N. C., 69.   As is said by *Judge Pearson,* in *Taylor v. Bond,* 45 N. C., 16: "We can see no ground upon which to base a jurisdiction to allow executors to ask the opinion of the court as to the future rights of a legatee; for instance, 'Who will be entitled when a life estate expires?' 'When property is given to one for life, with a limitation over, does the first taker have the entire interest by the rule in *Shelly's case?*' or, 'What would be the consequence of a supposed state of facts that may hereafter arise?'   True, these are matters of construction, but the questions cannot now

be presented so as to be settled by a decree. A declaration of opinion would be merely in the abstract until existing rights come in conflict, so as to give the court a subject to act on." We were inclined to think that the jurisdiction might be founded upon a liberal construction of the act of 1893 (Revisal, sec. 1589), but, upon consideration, we find it cannot. It is not an action brought by the plaintiff, John O. Heptinstall, against some person claiming an estate or interest in the tract devised to him, but is evidently a proceeding brought in the interest of the several devisees of parcels of land to settle and determine all their respective rights arising under the will *in presenti* and *in futuro,* in which the executors, as such, have no interest. The action and the appeal are

Dismissed.