J. F. HERRING ET AL. v. MARY C. HERRING ET AL.

(Filed 13 October, 1920.)

1. **Controversy without Action—Statutes—Interrogatories.**

   The effect of a submission of a controversy without action on a case agreed, Rev., 803, to dispense with the formalities of a summons, complaint, and answer, and to submit the case to the court for decision; and no right is conferred on the parties to propound to the court interrogatories upon the matters in dispute between them.

2. **Same—Wills—Courts—Equity—Widow's Dissent.**

   Courts of equity have no general jurisdiction of the constructions of wills, and will not entertain actions or proceedings merely for the purpose of settling disputes between legatees and devisees; and this is especially so when the widow's right to dissent is reserved, and the right thus reserved in her to destroy the effect of the judgment of the court. *Little v. Thorn*, 93 N. C., 71, cited as controlling.

APPEAL by both parties from *Allen, J.,* at chambers, 23 April, 1920, from LENOIR.

This purports to be a controversy without action to determine the rights of the legatees and devisees under the will of N. J. Herring, who died 1 January, 1920.

The will, consisting of eleven items, is made a part of the agreed facts, and the following questions are propounded to the court:

"1. Does the word 'stock,' as used in item 2 of said will, refer to and mean stocks of incorporated companies, or does it refer to and mean livestock? And if the said word 'stock' does refer to and mean shares of stock of incorporated companies, does the term also refer to and include Liberty Bonds?

"2. Are the plaintiffs, J. F. Herring, A. D. Herring, J. T. Herring, and Egbert Herring seized of an indefeasible estate in fee simple in the lands respectively devised to them by items 2, 3, 4, and 5 of said will? If not, what estate does each take?

"3. Is the defendant, Mary C. Herring, entitled to an estate for her own life in the lands devised to the plaintiff, J. F. Herring, in item 2 of said will?

"4. Is the defendant, Mary C. Herring, entitled to an estate for her own life from and after the death of Egbert Herring, if she shall survive him, in the lands devised to the said Egbert Herring in item 5 of said will?

"5. Does a valid charge of $500 in favor of the defendant, Nannie T. Herring, exist against each of the tracts of land devised to the plaintiffs, J. F. Herring, A. D. Herring, and J. T. Herring, and if so, are said charges claims against the said J. F. Herring, A. D. Herring, and J. T. Herring *in personam,* or do they attach to and run with the respective tracts of land?

"6. Is the defendant, Mary C. Herring, by virtue of items 2, 3, 4, and 5 of said will, entitled to annuities to be paid to her during her lifetime, as follows: By J. F. Herring, $75; by A. D. Herring, $100; by J. T. Herring, $100; and by Egbert Herring, $50? And if so, are the said annuities claims against the said J. F. Herring, A. D. Herring, J. T. Herring, and Egbert Herring *in personam,* or are they charges that attach to and run with the respective tracts of land?

"7. Is the defendant, Lorena Hoffman, entitled to have the sum of $2,500, bequeathed to her in item 6 of said will, invested in lands for her, to be held by her in fee simple?

"8. Is the defendant, Mary C. Herring, entitled to a general legacy of $7,000, or any other sum, by virtue of item 7 of said will?

"9. Is the defendant, Nannie T. Herring, entitled to have the sum of $1,500, bequeathed to her in item 7 of said will, invested in lands for her, to be held by her in fee simple?

"10. If the charges attempted to be imposed upon the plaintiffs, J. F. Herring, A. D. Herring, and J. T. Herring in favor of their sister, Nannie, be held to be valid and binding upon them, are the said charges payable at the time they come into possession of their respective tracts of land, whenever that may be, or do they have five years thereafter within which to pay the same?

"11. Is the defendant, Mary C. Herring, widow, entitled to the possession of all the lands of which her husband, the testator, died seized, until the first day of January, 1926, or until the birthday of her son Egbert in July, 1925?"

His Honor answered the questions, and all of the parties appealed.

*Dawson & Greene* for plaintiffs.
*Dawson, Manning & Wallace* for defendants.

ALLEN, J. The Revisal, sec. 803, "Does not confer upon certain parties who differ as to their rights to propound to the Court on a case agreed interrogatories in respect thereto; . . . the purpose is simply to dispense with the formalities of a summons, complaint, and answer, and upon an agreed state of facts to submit the case to the Court for decision." *McKethan v. Ray,* 71 N. C., 170.

"The law does not confer upon parties who differ as to the law of their case the right to propound interrogatories to the Court, on a case agreed, in respect thereto." *Rogerson v. Lumber Co.,* 136 N. C., 269.

Nor has a court of equity a general jurisdiction of the construction of wills, and it will not entertain actions or proceedings merely for the purpose of settling disputes between legatees and devisees.

The principle controlling the Courts is stated by *Ashe, J.,* in *Little v. Thorne,* 93 N. C., 71, as follows:

"The action seems to be predicated upon the general idea that a court of equity has a sweeping jurisdiction in reference to the construction of wills, which *Chief Justice Pearson* said, in the case of *Tayloe v. Bond,* Busb. Eq.; 5, was an erroneous idea. In that case the learned judge, in his well considered opinion, has given a very clear exposition of the jurisdiction of a court of equity, in the construction of wills, and from it we deduct the following rule as established: That the jurisdiction in matters of construction is limited to such as are necessary for the present action of the court, and upon which it may enter a decree or direction in the nature of a decree. It will never give an abstract opinion upon the construction of a will, nor give advice, except when its present action is involved in respect to something to be done under its decree. That it will not entertain an action for the construction of a devise, for the rights of devisees are purely legal, and must be adjudged by the

courts of law. The only exception to this is where a case is properly in a court of equity, under some of the known and the accustomed heads of jurisdiction, and a question of construction incidentally arises, the Court will determine it, it being necessary to do so in order to decide the cause—as, for instance, in actions for partition, or for the recovery of legacies where devises and legacies are so blended and dependent on each other as to make it necessary to construe the whole, in order to ascertain the legacies; because the Court having jurisdiction over legacies must take jurisdiction over all matters necessary to its exercise.

"The advisory jurisdiction of the Court is primarily confined to trusts and trustees, *Alsbrook v. Reid,* 89 N. C., 151, and cases there cited. Hence, the Court will advise executors who are regarded as trustees, as to the discharge of the trusts with which they are clothed, and as incident thereto, the construction and legal effect of the instrument by which they are created, when a case is presented where the action of the court is invoked as distinguished from an *abstract opinion. Simpson v. Wallace,* 83 N. C., 477; *Tayloe v. Bond, supra.* But in the latter case it is said there is no ground upon which to base a jurisdiction, to give advice to an executor in regard to his future conduct or future rights, or to allow him to 'ask the opinion of the Court as to the future rights of a legatee,' as, for instance, 'Who will be entitled when a life estate expires?' But the advice is only given upon an existing state of facts, upon which a decree or some direction of the Court in nature of a decree is solicited."

This doctrine, in its entirety, is approved in *Reid v. Alexander,* 170 N. C., 303, and in both cases the actions were dismissed, and following these and other precedents the same course must be taken with this proceeding.

There is one feature of the present proceeding particularly objectionable, and that as it appears in the agreed statement that "It is expressly stipulated by the said Mary C. Herring, widow, that her joinder herein shall in no manner affect or prejudice her right to dissent from said will as provided by law, or be construed as an election on her part to take under said will, which stipulation is hereby expressly ratified and assented to by all the other parties hereto."

In other words, the widow, who is interested in six of the questions propounded, says to the Court that she will abide the result if the decision accords with her contentions, but if not, she will dissent and destroy the effect of the judgment of the Court.

Proceeding dismissed.