J. R. FINLEY, EXECUTOR OF J. T. FINLEY, DECEASED, AND MISS ANNIE M. FINLEY, ADMINISTRATRIX, C. T. A., OF MISS CLARA M. FINLEY, DECEASED, v. S. G. FINLEY, MRS. MARY GORDON GREENLEE POLLARD, HARVEY GREENLEE, MRS. ELLA OGILVIE, W. W. FINLEY AND MISS ANNIE E. FINLEY, HEIRS-AT-LAW AND DEVISEES OF J. T. FINLEY AND CLARA M. FINLEY, BOTH DECEASED.

(Filed 20 May, 1931.)

1. **Pleadings D d—Want of jurisdiction or failure of complaint to state cause of action may be taken advantage of by demurrer at any time.**

   A demurrer *ore tenus* to the complaint on the grounds that it fails to allege a cause of action or that the court does not have jurisdiction may be made at any time, even after answer has been filed, or even in the Supreme Court on appeal. C. S., 518.

2. **Wills E i: Appeal and Error A e—Where action for construction of will presents only moot question the action will be dismissed.**

   The Court will not construe the provisions of a will in an action brought by an executor unless for the purpose of aiding him in the administration of the estate, and where suit is brought by an executor to settle a dispute among the devisees as to the quality of the estate devised, and the lands have already been sold and the proceeds are in the hands of the executor for distribution, the action and the appeal from the judgment of the lower court will be dismissed.

APPEAL by the defendant, S. G. Finley, from *Grady, J.*, at October Term, 1930, of WILKES. Dismissed.

This is an action for the purpose of determining the quality of the estate which was devised to each of the devisees named in the last will and testament of J. T. Finley, deceased, in the lands owned by the testator at his death.

J. T. Finley died on 12 May, 1926, leaving a last will and testament, which has been duly probated and recorded in the office of the clerk of the Superior Court of Wilkes County. The pertinent provisions of his said last will and testament are as follows:

"I give and bequeath all of my property, real and personal, of every nature whatsoever, as follows:

"One-sixth to my sister, Clara Finley; one-sixth to my sister, Annie Finley; one-sixth to my brother, J. R. Finley; one-sixth to my brother, S. G. Finley; one-sixth to my niece, Mary Gordon Greenlee; one-sixth to my niece, Ella Ogilvie; and upon the death of either of said devisees, without heirs, their part to go to the other devisees above named, or their heirs, provided, however, that my sisters, Clara and Annie Finley, shall have for their joint lives, and for the life of the survivor, the rents from my brick garage on C. Street, North Wilkesboro, N. C., with fifty feet front and one hundred and forty feet deep, taxes and upkeep to be paid from rent.

"I appoint my brother, J. R. Finley, executor of this my last will and testament, and my wish is that no bond be required of him."

The plaintiff, J. R. Finley, as executor of said last will and testament, has practically completed the administration of the estate of his testator, and has paid to each of the legatees named therein his or her share of the personal property owned by the testator at his death, and bequeathed to said legatees by said last will and testament.

The plaintiff, J. R. Finley, acting under a power of attorney, executed by the devisees named in the last will and testament of his testator, has sold and conveyed the real estate owned by his testator at his death, and devised to said devisees by said last will and testament. He now has in hand funds and securities derived from the sale of said real estate, to be distributed among the said devisees in accordance with their respective interests therein. Since the execution of said power of attorney, and the sale of said real estate, a controversy has arisen among the said devisees with respect to the quality of the estate which each one of them took under the provisions of the last will and testament of J. T. Finley, deceased. This action was instituted by the plaintiff, J. R. Finley, as executor of the last will and testament of J. T. Finley, deceased, and by the administratrix, *c. t. a.,* of Miss Clara Finley, who has died since the death of J. T. Finley, for the purpose of having the court to determine the quality of the estate which each of the devisees named in said last will and testament took in the real estate devised to them under and by virtue of the provisions thereof.

When the action was called for hearing, a trial by jury was waived by all the parties. On the facts found by the court it was ordered, considered and adjudged that each of the devisees named in the last will and testament of J. T. Finley took an estate in fee simple in the share of the real estate devised to him or to her by said last will and testament, and an absolute title to the share of the personal property bequeathed to him or her thereby. It was ordered that J. R. Finley, executor of J. T. Finley, deceased, and Miss Annie M. Finley, administratrix, *c. t. a.,* of Miss Clara M. Finley, administer their respective estates in accordance with the judgment of the court.

From this judgment the defendant, S. G. Finley, appealed to the Supreme Court.

*Charles G. Gilreath for plaintiffs.*
*Frank D. Hackett and Eugene Trivelte for defendant, S. G. Finley.*

CONNOR, J. After the appeal from the judgment of the Superior Court in this action had been docketed in this Court the defendant, S. G. Finley, moved that both the appeal and the action be dismissed, for the reason that the facts alleged in the complaint are not sufficient to constitute a cause of action of which the Superior Court of Wilkes County had jurisdiction. This motion was in effect a demurrer *ore tenus* to the complaint on these grounds. The defendant by filing an answer to the complaint in the Superior Court did not waive his right to demur *ore tenus* to the complaint on the ground that the court had no jurisdiction of the action and that the complaint does not state facts sufficient to constitute a cause of action. C. S., 518.

It is too well settled to require the citation of authorities that the want of jurisdiction and the failure of the complaint to state facts sufficient to constitute a cause of action on which the plaintiff is entitled to relief, cannot be waived and may be taken advantage of by demurrer *ore tenus* to the complaint at any time, even after answer filed, and even in the Supreme Court, after an appeal has been docketed in said Court from a judgment of the Superior Court in the action. *Power Company v. Peacock,* 197 N. C., 735, 150 S. E., 510.

It appears from the allegations of the complaint in the instant case that the plaintiff, J. R. Finley, as executor of the last will and testament of J. T. Finley, deceased, has practically completed the administration of the estate of his testator. He has paid to each of the legatees named therein his or her share of the personal property owned by the testator at his death, and bequeathed to him or to her by the said last will and testament. He seeks no advice from the court as to the performance of his duties as executor. After his qualification as executor, the devisees

named in the last will and testament of his testator, executed a power of attorney by which they authorized and empowered the said J. R. Finley to sell and convey the land devised to them by the testator. He now has in hand the proceeds of sales made by him under this power of sale. A controversy has arisen among the devisees as to whether each devisee took an indefeasible estate in his or her share of the land devised by said last will and testament, or whether he or she took only a defeasible fee in his or her share. This controversy involves a construction of the provisions of the last will and testament. The plaintiff, J. R. Finley, as executor, however, has no interest in this controversy; he has no duty to perform as executor, which requires a determination of the question involved in the controversy.

In *Mountain Park Institute v. Lovill,* 198 N. C., 642, 153 S. E., 114, it is said: "It is well settled that an executor upon whom the will casts the performance of a duty may, when he needs instruction, bring a suit in equity to obtain a construction of the will. *Bank v. Alexander,* 188 N. C., 667; *Trust Co. v. Stevenson,* 196 N. C., 29; *Dulin v. Dulin,* 197 N. C., 215. In such case the jurisdiction is incident to that of trusts. Courts of equity do not exercise advisory jurisdiction if no trust has been created, or if the estate is a legal one, or if the question of construction is purely legal. *Tayloe v. Bond,* 45 N. C., 5; *Alsbrook v. Reid,* 89 N. C., 151; *Cozart v. Lyon,* 91 N. C., 282; *Reid v. Alexander,* 170 N. C., 303; *Herring v. Herring,* 180 N. C., 165."

In *Heptinstall v. Newsom,* 146 N. C., 504, 60 S. E., 516, both the appeal to this Court and the action were dismissed. This was an action brought by one of the devisees of the testator against such of the other devisees as were *in esse,* for the purpose of obtaining a construction of the will as to devises of real estate, and to determine what estates some of the devisees took under the will. *Brown, J.,* writing the opinion for the Court, says: "We cannot recognize the regularity of this proceeding nor the jurisdiction of the court to entertain it. It seems to be predicated upon the idea that a court of equity has a sweeping jurisdiction in reference to the construction of a will, which, under the authorities, is an erroneous one. *Tyson v. Tyson,* 100 N. C., 368; *Cozart v. Lyon,* 91 N. C., 282. The jurisdiction in matters of construction is limited to such as are necessary to the present action of the Court. The Court will not undertake to construe a devise in a proceeding of this character, for the rights of devisees are purely legal and must be adjudged when a cause of action arises."

It does not appear in the instant case that any cause of action has arisen which requires or would justify the court in rendering a judgment by which the rights of the parties would be determined. Indeed, it does appear that if and when a cause of action shall arise which may

require a judicial construction of the provisions of the last will and testament of J. T. Finley, deceased, with respect to the quality of the estate which each of the devisees took in the land devised, persons not now *in esse,* and purchasers of said land claiming under parties to this action, may be necessary parties.

The appeal and the action are

Dismissed.