E. S. REID ET AL. v. M. A. ALEXANDER ET AL.

(Filed 8 December, 1915.)

**Courts—Wills—Advice—Appeal and Error.**

The courts will not entertain jurisdiction to construe a will merely to advise the parties as to the interests they will take thereunder. *Littleton v. Thorne,* 93 N. C., 71, cited and applied.*

APPEAL by both parties from *Lane, J.,* at February Term, 1915, of MECKLENBURG.

Action for the construction of a will.

*Cameron Morrison, S. C. Dockery and J. H. McClain for plaintiff.*
*Cansler & Cansler for defendant Alexander.*
*Pharr & Bell for defendants Nesbit.*

ALLEN, J. This is an action between the devisees and legatees of John O. Alexander for the purpose of asking the advice and opinion of the court as to their respective interests under the will and for a construction of the will, and, as such, it cannot be entertained, for want of jurisdiction in the Court.

It has been so held since the case of *Tayloe v. Bond,* 45 N. C., 14, decided in 1838, and one of the latest cases upon the subject is *Heptinstall v. Newsome,* 148 N. C., 504, in which case an action brought for the same purpose was dismissed.

In *Little v. Thorne,* 93 N. C., 71, the doctrine is stated clearly and accurately by *Ashe, J.* He says: "The action seems to be predicated upon the general idea that a court of equity has a sweeping jurisdiction in reference to the construction of wills, which *Chief Justice Pearson* said, in case of *Tayloe v. Bond,* Busb. Eq., 5, was an erroneous idea.

*In this case, on the question of the identity of the Hudson and the Home place, *Branch v. Hunter,* 61 N. C., 1, is cited; on the presumption of testacy and under the language of the will, the Hudson place goes to the residuary legatees; the third item of the will presents a case of latent ambiguity, admitting parol evidence; and the same applies to the William Lee place, mentioned in the codicil, the question being as to the testator's intent under the evidence, and not alone whether there was such a place.

In that case, the learned judge, in his well-considered opinion, has given a very clear exposition of the jurisdiction of a court of equity in the construction of wills, and from it we deduct the following rule as established: That the jurisdiction in matters of construction is limited to such as are necessary for the present action of the court, and upon which it may enter a decree or direction in the nature of a decree. It will never give an abstract opinion upon the construction of a will, nor give advice, except when its present action is involved in respect to something to be done under its decree. That it will not entertain an action for the construction of a devise, for the rights of devisees are purely legal, and must be adjudged by the courts of law. The only exception to this is where a case is properly in a court of equity under some of the known and the accustomed heads of jurisdiction, and a question of construction incidentally arises, the court will determine it, it being necessary to do so in order to decide the cases—as, for instance, in actions for partition, or for the recovery of legacies where devises and legacies are so blended and dependent on each other as to make it necessary to construe the whole in order to ascertain the legacies, because the court, having jurisdiction over legacies, must take jurisdiction over all matters necessary to its exercise.

"The advisory jurisdiction of the court is primarily confined to trusts and trustees. *Alsbrook v. Reid*, 89 N. C., 151, and cases there cited. Hence the court will advise executors, who are regarded as trustees, as to the discharge of the trusts with which they are clothed, and, as incident thereto, the construction and legal effect of the instrument by which they are created, when a case is presented where the action of the court is involved as distinguished from an *abstract opinion. Simpson v. Wallace*, 83 N. C., 477; *Tayloe v. Bond, supra.* But in the latter case it is said there is no ground upon which to base a jurisdiction to give advice to an executor in regard to his future conduct or future rights or to allow him to 'ask the opinion of the court as to the future rights of a legatee,' as, for instance, 'who will be entitled when a life estate expires.'. But the advice is only given upon an existing state of facts upon which a decree or some direction of the court in nature of a decree is solicited."

If the questions discussed on the oral argument and in the briefs were before us for decision we would hold:

1. That the Hudson tract is no part of the home place, and does not pass under the third item of the will, on the authority of *Branch v. Hunter,* 61 N. C., 1.

2. That, having in mind the presumption that the testator intended to dispose of all of his property, and that he says in his will that he desires his land to be divided among his children as declared in his will,

and that the words in the residuary clause of the will, "or otherwise," would be without meaning if a contrary construction should be adopted, the Hudson place passes under the fourth item of the will to the residuary legatees and devisees.

3. That the description in the third item as "my home place and on which I reside" presents a case of a latent ambiguity, and that parol ·evidence is admissible for the purpose of identification, and that this question has been properly tried.

4. That the description in the codicil of 17 December, 1903, as the "plantation known as the William Lee place containing about one hundred acres, more or less," presents the same question, and that this has not been properly tried, in that the question for determination under the evidence was what land the testator intended to devise by the description, and not alone whether there was a place known as the William Lee place.

There is evidence that William Lee formerly owned a tract of land of 268 acres; that the testator acquired 148 acres of this land in 1894, and the remainder, 120 acres, in 1902; that he had a line surveyed cutting off a part of one of these tracts and adding it to the other on which M. A. Alexander lived, and making this part 185½ acres, and other evidence on the question of identification.

Action dismissed.