F. J. LINDSAY v. J. F. SHORT, TRADING AND DOING BUSINESS AS J. F. SHORT, LOCAL AND LONG DISTANCE HAULING, OF HALIFAX, VA.

(Filed 15 June, 1936.)

1. **Appearance A a: Pleadings D a—**

A defendant has the right to make a special appearance and move to dismiss the action for want of jurisdiction.

2. **Process B e—N. C. Code, 491 (a), does not authorize service of process in action for abuse of process against nonresident auto owner.**

The statute authorizing service of summons on nonresident auto owners by service on the Commissioner of Revenue does not warrant the service of summons in the manner provided upon a nonresident owner in an action for abuse of process based upon such owner's arrest of plaintiff after a collision between their cars in this State, since the action for abuse of process does not arise out of a collision in which defendant was involved by reason of the operation of his automobile in this State.

APPEAL by the defendant from *Warlick, J.,* at April Term, 1936, of ROCKINGHAM. Reversed.

This was a civil action to recover damages (1) for injuries arising out of a collision between the automobile of the plaintiff and the truck of the defendant, alleged to have been caused by the negligence of the defendant, and (2) for abuse of process in having the plaintiff arrested.

Service of summons was had upon the Commissioner of Revenue of North Carolina, as agent of the nonresident defendant, J. F. Short, under chapter 75, Public Laws 1929, section 491 (a), N. C. Code of 1935 (Michie). The defendant entered a special appearance and moved to dismiss the alleged cause of action for abuse of process for the reason that the court was without jurisdiction thereof, due to the fact that there had been no legal and valid service of process therein. The motion was granted by the clerk of the court, but, upon appeal, was denied by the judge holding the courts of the district, and the defendant appealed to the Supreme Court, assigning such denial as error.

*Sharp & Sharp for plaintiff, appellee.*
*Brown & Trotter for defendant, appellant.*

SCHENCK, J. "The right to dismiss an action for want of jurisdiction by entering a special appearance for the purpose is imbedded in our procedure." *Smith v. Haughton,* 206 N. C., 587.

It is provided by the statute, section 491 (a), N. C. Code of 1935 (Michie), that the acceptance by a nonresident of the right and privilege to operate a motor vehicle on the public highways of the State "shall be

deemed equivalent to the appointment by such nonresident of the Commissioner of Revenue . . . to be his true and lawful attorney upon whom may be served all summonses or other lawful process in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

We are of the opinion, and so hold, that the foregoing statute does not embrace an action for abuse of process in having the plaintiff arrested. An action for abuse of process cannot be said to be an action growing out of any accident or collision in which the defendant was involved by reason of the operation by him, for him, or under his control or direction, of a motor vehicle on a public highway of this State.

The action for abuse of process not being embraced in the statute, the service of summons upon the Commissioner of Revenue was void in so far as such action is concerned, and the judgment of the Superior Court upholding such service is

Reversed.