FIRST-CITIZENS BANK & TRUST COMPANY as EXECUTOR AND TRUSTEE UNDER THE WILL OF HARVEY L. BARNES, KATHLEEN R. BARNES, DONALD L. PAUL, JOHN L. DIXON, ALEXANDER K. KOLB, ROBERT G. McCUTHEON, KENNTH C. REESMAN AND LeROY HARRIS v. ELEANOR BARNES, HELEN BARNES, HARVEY LEE BARNES AND PATRICIA BARNES, INFANT CHILDREN OF HARVEY L. BARNES, JR.. DECEASED; AND BARBARA BARNES, MYERS BARNES AND SCOTT BARNES, INFANT CHILDREN OF WILLIAM R. BARNES; WILLIAM R. BARNES, AND PAUL C. STEWART, JR.

(Filed 23 May 1962.)

1. **Actions § 3;   Wills § 71—**

    While a trustee under a will may seek the advice of a court of equity to settle conflicting interpretations placed on the instrument by the interested parties, the courts will not give mere advisory opinions with respect to hypothetical situations, and when the allegations are insufficient to show any disagreement between the parties as to the proper interpretation of the instrument, and there are no allegations or evidence sufficient to form a basis for the determination of the questions propounded, the judgment of the Superior Court must be vacated.

APPEAL by C. E. Hancock, Jr., guardian *ad litem* for the named

minor defendants, from *Parker, J.,* at Chambers in New Bern, 14 February 1962.

Plaintiffs, in October 1961, filed with the Clerk of the Superior Court of Craven County their petition asking the court to "advise and instruct the First-Citizens National Bank & Trust Company as Executor and as Trustee as to its duties and obligations" with respect to questions propounded by them "or any others that might arise in connection therewith at the hearing of this matter."

Personal service was had on defendant Stewart on 13 October 1961. Service was had on the remaining defendants in Virginia and Kentucky in the manner permitted by G.S. 1-104.

The complaint, or petition as plaintiffs prefer to designate it, alleges: Harvey L. Barnes, a resident of Craven County, died 26 April 1961. He left a will dated 3 January 1956 with a codicil dated 16 February 1956. These have been probated. First-Citizens Bank & Trust Company was named as, and has qualified and is now acting as, executor of the will. The remaining petitioners are some of the beneficiaries named in the Barnes will. Kathleen Barnes is also widow of testator. William R. Barnes is a son of testator. All of the defendants are named beneficiaries in the will, but defendant Stewart "does not meet the conditions under which he might take under said Will." The only unpaid liabilities of the estate are State inheritance taxes, Federal estate taxes, and costs of administration.

A copy of the will and codicil is attached to the petition and made a part thereof. An examination of the will and codicil indicates all named as beneficiaries in the will, other than testator's son Harvey are parties. There is no specific allegation in the petition of the death of testator's son Harvey, but that fact is implied in the petition. It is affirmatively stated in the affidavit used to obtain service of process outside of the State. The date of his death does not appear. What effect, if any, the time of his death might have on the questions presented does not appear.

Copious quotations from the will appear in the petition. Ten questions are propounded for the court to answer. The petition in no way indicates how the questions arise, nor the position taken by any of the parties with respect to the questions presented. It contains no factual information with respect to the value of the estate. The will makes use of such phrases as "net income," "gross income," "marital deduction," "income distributed," "adjusted gross estate," with other language indicating some degree of familiarity by testator or his legal advisor with statutes imposing "death taxes."

Apparently testator regarded his stock in Maola Milk and Ice Cream Company as his most valuable single asset. He gave his widow

all of his other personal property. The Maola stock was to pay debts, funeral expenses, expenses of administration, and taxes. After providing funds for the payment of these items, the remainder of the stock was devised to plaintiff Bank to be held in trust in designated percentages for named beneficiaries; but the disposition so made accounts for less than 90% of the stock after the payment of the charges imposed. The will contains no residuary clause.

The guardian *ad litem* filed an answer admitting all the allegations of the petition. William R. Barnes and Paul C. Stewart, Jr. did not answer. Judgment by default was taken as to them.

No evidence was presented which would assist in formulating proper answers to the questions propounded even though plaintiffs alleged: ". . . your petitioners will present to the court certain evidence showing a calculation made by and for Harvey L. Barnes at or about the time of making his Will, which calculation reflects his intent, as your petitioners are advised and informed, as to the disposition of the said 10.85% of the capital stock of the Maola Milk and Ice Cream Company."

The trial court gave answers to the questions asked. The guardian *ad litem* excepted and appealed.

*Whitehurst and Henderson and Ward and Tucker for plaintiff appellee.*

*C. E. Hancock, Jr., guardian ad litem.*

PER CURIAM. This Court, after reading the record and briefs, is unable to reach the conclusion that the parties are in disagreement as to the proper interpretation of the will or that there is genuine controversy as to how the trustee should perform its duties. If, in fact, controversy does exist, the questions have not been formulated in such manner as to disclose the need for decision, nor has evidence been adduced which will assist in finding the correct answers.

Where a trustee is in need of guidance in solving a problem presently confronting it, arising because of conflicting interpretations placed on the instrument creating the trust, a court of equity will, when presented with facts necessary for it to advise the trustee how it should act, furnish the requested advice; but courts do not provide mere advisory opinions with respect to hypothetical situations. *Boswell v. Boswell,* 241 N.C. 515, 85 S.E. 2d 899; *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334; *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404; *Wright v. McGee,* 206 N.C. 52, 173 S.E. 31; *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532; *Finley v. Finley,* 201 N.C. 1, 158 S.E. 549; *Reid v. Alexander,* 170 N.C. 303, 87 S.E. 125.

The appeal entries indicate all defendants appealed. Only the guardian *ad litem*, however, has served case on appeal and assigned errors as required by our rule. He, only, of the defendants has filed a brief. Whether the allegations of the petition are sufficient to warrant a default judgment against William Barnes and Paul C. Stewart, Jr. of the kind here rendered need not be determined. See *Collins v. Simms*, 254 N.C. 148, 118 S.E. 2d 402.

Since there was neither sufficient allegation to warrant a judicial determination nor facts alleged or established to answer the questions propounded, the judgment rendered is erroneous and must be vacated.

If the parties desire, they may apply to the Superior Court for permission to amend their pleadings, and, on the amended pleadings, present such facts as will justify the court in making a judicial determination of the questions presented and requiring answers before the trustee can perform its duties.

Error.