125 S.E.2d 437 (1962)
257 N.C. 274
FIRST-CITIZENS BANK & TRUST COMPANY as Executor and Trustee under the Will of Harvey L. Barnes, Kathleen R. Barnes, Donald L. Paul, John L. Dixon, Alexander K. Kolb, Robert G. McCutheon, Kenneth C. Reesman and LeRoy Harris
v.
Eleanor BARNES, Helen Barnes, Harvey Lee Barnes and Patricia Barnes, Infant Children of Harvey L. Barnes, Jr., Deceased, and Barbara Barnes, Myers Barnes and Scott Barnes, Infant Children of William R. Barnes, William R. Barnes, and Paul C. Stewart, Jr.
No. 100.
Supreme Court of North Carolina.
May 23, 1962.
*439 Whitehurst & Henderson and Ward & Tucker, New Bern, for plaintiff appellee.
C. E. Hancock, Jr., New Bern, guardian ad litem.
PER CURIAM.
This Court, after reading the record and briefs, is unable to reach the conclusion that the parties are in disagreement as to the proper interpretation of the will or that there is genuine controversy as to how the trustee should perform its duties. If, in fact, controversy does exist, the questions have not been formulated in such manner as to disclose the need for decision, nor has evidence been adduced which will assist in finding the correct answers.
Where a trustee is in need of guidance in solving a problem presently confronting it, arising because of conflicting interpretations placed on the instrument creating the trust, a court of equity will, when presented with facts necessary for it to advise the trustee how it should act, furnish the requested advice; but courts do not provide mere advisory opinions with respect to hypothetical situations. Boswell v. Boswell, 241 N.C. 515, 85 S.E.2d 899; Branch Banking & Trust Co. v. Whitfield, 238 N.C. 69, 76 S.E.2d 334; Lide v. Mears, 231 N.C. 111, 56 S.E.2d 404; Wright v. McGee, 206 N.C. 52, 173 S.E. 31; Poore v. Poore, 201 N.C. 791, 161 S.E. 532; Finley v. Finley, 201 N.C. 1, 158 S.E. 549; Reid v. Alexander, 170 N.C. 303, 87 S.E. 125.
The appeal entries indicate all defendants appealed. Only the guardian ad litem, however, has served case on appeal and assigned errors as required by our rule. He, only, of the defendants has filed a brief. Whether the allegations of the petition are sufficient to warrant a default judgment against William Barnes and Paul C. Stewart, Jr. of the kind here rendered need not be determined. See Collins v. Simms, 254 N.C. 148, 118 S.E.2d 402.
Since there was neither sufficient allegation to warrant a judicial determination nor facts alleged or established to answer the questions propounded, the judgment rendered is erroneous and must be vacated.
If the parties desire, they may apply to the Superior Court for permission to amend their pleadings, and, on the amended pleadings, present such facts as will justify the court in making a judicial determination of the questions presented and requiring answers before the trustee can perform its duties.
Error.