### NATIONWIDE MUTUAL INSURANCE COMPANY v. MAC RAY ROBERTS AND JOHNNY SCIPPIO.

#### (Filed 26 February 1964.)

**1. Process § 15—**

An action for a declaratory judgment to construe a contract of insurance does not arise out of an automobile collision, and therefore insured may not be served with process by service upon the Commissioner of Motor Vehicles. G.S. 1-105, G.S. 1-105.1.

**2. Declaratory Judgment Act § 1—**

A contract, including a contract of insurance, may be the subject of a proceeding under the Declaratory Judgment Act even before a breach of the contract when there is a controversy between the parties as to their respective legal rights and liabilities under the policy and the resolution of such controversy is presently necessary to enable the parties to elect between conflicting positions in a companion case.

**3. Declaratory Judgment Act § 3—**

Where the complaint alleges an action justiciable under the Declaratory Judgment Act a demurrer is not apposite even though plaintiff is not entitled to the relief sought by him, but the court, after the filing of answer and the introduction of such evidence as the parties elect to present, should proceed to declare the rights of the parties.

**4. Insurance § 53.2—**

To the extent of coverage required by statute, a policy of automobile liability insurance must be construed in accordance with the applicable statutory

provisions and in the light of the overall purpose of the statute to provide compensation for innocent victims injured by financially irresponsible motorists. G.S. 20-279.21.

**5. Same—**

An assigned risk policy of automobile liability insurance imposes liability upon insurer for injuries intentionally inflicted by insured in assaulting his victim with an automobile, notwithstanding the policy expressly excludes liability for injuries for assault and battery committed by or at the direction of insured, since under the provisions of the Safety and Financial Responsibility Act a policy is required to provide insurance for liability imposed by law for damages arising out of the ownership of the vehicle insured, and the exclusionary provision of the policy, being in contravention of the Act, is void.

APPEAL by plaintiff from *Johnston, J.*, July 8, 1963 Session of FORSYTH, docketed in the Supreme Court as Case No. 386 and argued at the Fall Term 1963.

Action by the plaintiff, Nationwide Insurance Company, for a declaratory judgment to establish its obligations with respect to a policy of automobile liability insurance issued to Mac Ray Roberts under the assigned risk plan.

In its complaint plaintiff alleges the following facts:

On January 22, 1962, a violent altercation occurred between the insured Roberts and the defendant Johnny Scippio at the home of one Vera Brown. Scippio fled the scene and Roberts attempted to overtake him on foot. When he was unable to do so, he began a search for Scippio in his automobile which was covered by a policy of liability insurance issued by plaintiff "pursuant to the assigned risk plan of North Carolina." When he sighted him walking along the sidewalk, Roberts deliberately drove his automobile across the sidewalk into Scippio, crushing him against a stone wall. There is now pending in the Superior Court of Forsyth County an action by Scippio in which he seeks to recover $30,000 from Roberts for the personal injuries inflicted by him with the automobile. In his complaint in that action Scippio alleged that fact and also made the allegation "that Mac Ray Roberts was guilty of negligence at the time and place complained of" which proximately caused his injuries. Scippio has demanded that plaintiff pay him, on behalf of Roberts, the face amount of the policy. Plaintiff refused on the ground that an injury intentionally inflicted is not an accident within the meaning of its liability insurance policy wherein it had agreed:

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The policy further provided:

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The insured Roberts has fled the State and his whereabouts are unknown. He is not a party to this action. The defendant Scippio demurred to the complaint for that "the plaintiff alleges that it is an insurer under a compulsory insurance policy and that the insured injured another by his own wilful act." The trial court sustained the demurrer and plaintiff appealed.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by W. F. Maready for plaintiff appellant.*

*White and Crumpler by Harrell Powell, Jr., Leslie G. Frye, and Fred G. Crumpler, Jr., for defendant appellee.*

SHARP, J.   An attempt was made to make the insured Roberts a party defendant by service upon the Commissioner of Motor Vehicles under G.S. 1-105 and 1-105.1. The attempt was ineffectual. This action is one for a declaratory judgment to construe a contract of insurance. It does not arise out of an automobile collision. *Lindsay v. Short*, 210 N.C. 287, 186 S.E. 239.

The Superior Court has jurisdiction to render a declaratory judgment only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise. G.S. §§ 1-253 to -267; *Trust Co. v. Barnes*, 257 N.C. 274, 125 S.E. 2d 437; *Greensboro v. Wall*, 247 N.C. 516, 101 S.E. 2d 413; *Lide v. Mears*, 231 N.C. 111, 56 S.E. 2d 404. When jurisdiction exists, a contract may be construed either before or after there has been a breach of it. G.S. § 1-254. The purpose of the Declaratory Judgment Act is, "to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations. . . ." *Walker v. Phelps*, 202 N.C. 344, 349, 162 S.E. 727, 729; *Little v. Trust Co.*, 252 N.C. 229, 113 S.E. 2d 689. It is to be liberally construed and administered.

Generally, questions involving the liability of an insurance company under its policy are a proper subject for a declaratory judgment. *Insurance Co. v. Simmons, Inc.*, 258 N.C. 69, 128 S.E. 2d 19; Annot., 142 A.L.R. 8, 67. In this case there exists a genuine controversy between the plaintiff Insurance Company and the defendant Scippio as to whether plaintiff is liable under its insurance contract for injuries intentionally

inflicted by its insured. Until this controversy is resolved there will be a conflict of interest between plaintiff and its insured as to the case of *Scippio v. Roberts.* If the liability insurer is not liable for injuries intentionally inflicted by its insured, it would be in plaintiff's interest in that action to prove a wilful tort which would establish absolute liability on Roberts and exonerate the plaintiff. If, on the other hand, plaintiff is liable within the limits of its policy for Roberts' assault upon Scippio, the interests of the insurer and the insured are the same. The instant case, therefore, presents a problem such as the Declaratory Judgment Act was designed to solve.

This appeal, however, is from an order of the Superior Court sustaining a demurrer to the complaint. When a complaint alleges a *bona fide* controversy justiciable under the Declaratory Judgment Act, and it does not appear from the complaint that necessary parties are absent from the suit, a demurrer to the complaint should be overruled. The parties are entitled to a declaration of their rights and liabilities and the action should be disposed of only by a judgment declaring them.

> "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. And where a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer a decree containing a declaration of right should have been entered."

1 Anderson, Declaratory Judgments, (2d ed.) § 318; *Cabell v. Cottage Grove,* 170 Ore. 256, 130 P. 2d 1013, 144 A.L.R. 286.

In the absence of a stipulation, a declaratory judgment may be entered only after answer and on such evidence as the parties may introduce upon the trial or hearing. For the same reason, a judgment of nonsuit may not be entered. *Board of Managers v. Wilmington,* 237 N.C. 179, 194, 74 S.E. 2d 749. This rule is analogous to that which prohibits a nonsuit in a caveat proceeding. *In re Will of Redding,* 216 N.C. 497, 5 S.E. 2d 544.

In this case it appears that the court and the parties treated the demurrer as a stipulation by the defendant Scippio that the ultimate facts are as alleged in the complaint which presents this single question: Does an assault and battery with an automobile constitute an "accident" within the meaning of that term as used in an automobile liability insurance

policy issued pursuant to the North Carolina Financial Responsibility Act? It further appears that the court, by sustaining the demurrer, in effect undertook to answer this question by declaring the rights of the parties in accordance with the contentions of Scippio and against those of the plaintiff. Therefore, in this instance to the end that another appeal may be eliminated, we have decided to waive the procedural defect and to pass upon the question presented.

When an insured is intentionally injured or killed by another, and the mishap is, as to him, unforeseen and not the result of his own misconduct, the general rule is that the injury or death is accidentally sustained within the meaning of the ordinary accident insurance policy, and the insurer is liable therefor in the absence of a policy provision excluding such liability. Annot., 116 A.L.R. 396. This is likewise the rule under the Workmens Compensation Act. *Withers v. Black*, 230 N.C. 428, 53 S.E. 2d 668.

A number of cases have considered the question whether an assault is an "accident" within the coverage of automobile liability insurance policies. The answers given have depended upon whether the court looked at the occurrence from the viewpoint of the aggressor or from that of the injured party. *Jernigan v. Allstate Insurance Co.*, 269 F. 2d 353. See annotations in 111 A.L.R. 1043; 173 A.L.R. 503; 33 A.L.R. 2d 1027. From the standpoint of the aggressor, an injury intentionally inflicted upon another is certainly not an accident. However, from the point of view of the victim of an unexpected and unprovoked assault with an automobile, his damages are just as accidental as if he had been negligently struck while crossing the street.

On the ground that public policy will not permit one to profit from his own wrong, some courts exclude all intentional injuries from the policy coverage while some make a distinction between cases where the named insured himself committed the assault, and those where it was committed by an agent or employee without his knowledge. Nevertheless, "it is apparently the more widely accepted view that an assault constitutes an 'accident,' and that injuries therefrom are 'accidentally sustained,' within the coverage of liability insurance policies. However, there is substantial authority to the contrary." 33 A.L.R. 2d 1027, 1030; 29A Am. Jur., *Insurance* § 1342.

In North Carolina today all insurance policies covering loss from liability arising out of the ownership, maintenance, or use of a motor vehicle are, to the extent required by G.S. § 20-279.21, mandatory. All which insure in excess of the compulsory coverage are voluntary policies to the extent of the excess. *Swain v. Insurance Co.*, 253 N.C. 120, 116 S.E. 2d 482. The policy under consideration, being an assigned risk, is entirely compulsory, both as to the insurer and the insured.

With respect to voluntary insurance, North Carolina aligned itself with the minority in *Jackson v. Casualty Co.*, 212 N.C. 546, 193 S.E. 703. There, P, driving the automobile of S, defendant's insured, purposely ran over the plaintiff. After execution on plaintiff's judgment against P was returned unsatisfied, plaintiff sued defendant on the judgment. Defendant's motion for nonsuit was sustained. This Court affirmed, saying:

> "The policy of insurance sued on did not cover the liability of the named insured, or that of any other person embraced within its terms, for a willful or intentional injury. The policy provided indemnity 'against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered by any person, caused by the ownership or operation of the automobile described'."

The policy in the instant case contains a provision that an assault will be considered an accident "unless committed by or at the direction of the insured." Either this provision or the holding in *Jackson v. Casualty Co., supra*, would clearly eliminate plaintiff's liability in the present case if the policy were an entirely voluntary one. It is, however, an assigned risk policy providing no coverage in excess of the statutory requirement. Therefore, it must be construed in connection with the public policy which the Motor Vehicle Safety and Financial Responsibility Act embodies. 29 Am. Jur., *Insurance* § 274; *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610. If this exclusionary provision of the policy contravenes the act it is void as to the defendant. G.S. § 20-279.21(b) (2) provides that an owner's policy of liability insurance:

> "2. Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages *arising out of the ownership, maintenance or use of such motor vehicle* or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: five thousand dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, ten thousand dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars ($5,000.00) because of injury to or destruction of property of others in any one accident;" (Italics ours).

The primary purpose of compulsory motor vehicle liability insurance is to compensate innocent victims who have been injured by financially

irresponsible motorists. Its purpose is not, like that of ordinary insurance, to save harmless the tortfeasor himself. Therefore, there is no reason why the victim's right to recover from the insurance carrier should depend upon whether the conduct of its insured was intentional or negligent. In order to accomplish the objective of the law, the perspective here must be that of the victim and not that of the aggressor for whom the law provides criminal penalties calculated to minimize any profit he might derive from the insurance. The victim's rights against the insurer are not derived through the insured as in the case of voluntary insurance. They are statutory and become absolute on the occurrence of an injury covered by the policy. G.S. § 20-279.21 (f) (1).

In Massachusetts the rule applicable to ordinary liability insurance is that a policy indemnifying an insured against liability for his wilful wrong is void as against public policy. Therefore, Massachusetts holds with North Carolina that intentional injuries committed by an insured are not within the coverage of voluntary insurance. *Sheehan v. Goriansky*, 321 Mass. 200, 72 N.E. 2d 538, 173 A.L.R. 497. However, in Massachusetts the rule is otherwise as to a policy of compulsory insurance. Its statute requires indemnity to an insured in specified amounts against loss by reason of his liability for bodily injuries and death "arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth" of the insured vehicle. The wording of this statute is substantially the same as G.S. § 20-279.21.

In *Wheeler v. O'Connell*, 297 Mass. 549, 9 N.E. 2d 544, 111 A.L.R. 1038, the defendant, insured under a compulsory liability policy, intentionally injured plaintiff with an automobile. In holding that the statute should be construed to include liability for injuries due to a wilful wrong, the court said:

> ". . . (I)f the purpose of the statute is to compensate the injured party rather than to save the operator of the vehicle from loss it is difficult to see why an injured person's rights should be affected by the fact that the operator's conduct was wilful, wanton or reckless as distinguished from negligent. The evil intended to be remedied is as certainly present in the one case as in the other. The cases cannot be taken as laying down the proposition that nothing but injuries caused by negligence are covered by the statute. Unless the rights of the injured party are purely derivative, as they are in the case of ordinary insurance, there is no justifiable basis for making a distinction between conduct of the operator which was wilful, wanton or reckless, and conduct which is in some degree negligent. Despite the fact that the statute declares that the policy shall provide 'in-

demnity for or protection to the insured,' various provisions of the statute demonstrate that it was not the intention of the Legislature that the rights of the injured should depend on the rights of the insured or of the operator of the motor vehicle. . . .

". . . (T)he statute should be construed as including liability for injuries due to a wilful wrong. The statute itself is declaratory of public policy applicable to compulsory insurance and supersedes any rule of public policy which obtains in ordinary insurance law."

In *Hartford Acc. & Indem. Co. v. Wolbarst*, 95 N.H. 40, 57 A. 2d 151, R deliberately caused his motor vehicle to collide with the rear of the automobile of B. In the collision, defendant Wolbarst, a passenger in B's vehicle, was injured. R's liability insurance carrier instituted an action for a declaratory judgment to determine its liability to Wolbarst. Under the New Hampshire Motor Vehicle Financial Responsibility Act a policy was required to indemnify the insured "against loss by reason of the liability to pay damages to others . . . for damages to property accidentally sustained during the term of said policy." In holding that the statutory phrase "accidentally sustained" included intentional injury, the New Hampshire Court said:

"The meaning expressly or impliedly given to the word in private policies or contracts independently of statutory requirements is not controlling. The point of view is different . . .

"The purpose of the New Hampshire Financial Responsibility Act was fundamentally to provide compensation for innocent persons that might be injured through faulty operation of motor vehicles. '. . . The beneficiaries of such an act and of such a policy, when issued, are the members of the general public who may be injured in automobile accidents by such person; and the policies are generally construed with great liberality to accomplish their purpose.' 7 Appleman, Insurance Law and Practice, § 4295. This purpose of the statute is best served by construing the phrase 'accidentally sustained' to include any unfortunate occurrence causing injury or damage. Regardless of the mental state of the insured that precedes the injury or the damage suffered by the traveler, the suffering or the loss is the same. Neither injury nor damage is mitigated by the fact that there was intent at any stage of the occurrence."

The New Hampshire Court noted that its conclusion was the same as that reached by the Supreme Court of Massachusetts in *Wheeler v. O'-Connell, supra*. The logic of these two cases is inescapable, and we hold that injuries intentionally inflicted by the use of an automobile are with-

in the coverage of a motor vehicle liability policy as defined by G.S. § 20-279.21. The word *accident* as used in that section with reference to compulsory insurance is used in the popular sense and means any unfortunate occurrence causing injury for which the insured is liable. In this holding we reach the same conclusion as did the judge below.

As pointed out by *Bobbitt, J.,* in *Swain v. Insurance Co., supra,* the Motor Vehicle Safety and Financial Responsibility Act, G.S. § 20-279.21 (h), authorizes a provision in every liability policy that the insured shall reimburse his carrier for any payment it would not have been obligated to make under the terms of the policy except for the provisions of the Act. In the paragraph relating to the financial responsibility law the policy in question contains this provision:

> "The insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

This case is remanded to the Superior Court to the end that a judgment be entered defining the rights and obligations of the parties as declared in this opinion.

Remanded for judgment.