JOHNNY CALVIN SHEW AND JUNIOR BROTHERTON v. SOUTHERN FIRE &
CASUALTY COMPANY AND IREDELL COUNTY

No. 8122SC1000

(Filed 17 August 1982)

Insurance § 105— insured hitting police car after high speed chase—duty of in-
sured to reimburse county as condition of suspended sentence—insurance com-
pany's refusal to reimburse—summary judgment for insurance company
improper

    In an action arising from an insured's collision with a police automobile
    after a high speed chase wherein the insured pleaded guilty to driving 130
    miles per hour in a 55 miles per hour zone to elude an officer, among other
    things, where the insured was given a suspended sentence on the condition,
    among other things, that he reimburse the county for damages to its
    automobile, and where the insurance company refused to reimburse the in-

sured for damages paid by the insured to the county, the trial judge erred in entering summary judgment for the insurer since plaintiffs stand in the shoes of the county prior to recovery of the damages with the same rights and subject to the same defenses and since the purpose of liability insurance would be fulfilled by allowing coverage under the policy.

Judge HEDRICK concurs in the result only.

Judge BECTON dissenting.

APPEAL by plaintiffs from *Collier, Judge.* Judgment entered 8 July 1981 in Superior Court, IREDELL County. Heard in the Court of Appeals 4 May 1982.

Johnny Calvin Shew is the stepson of Junior Brotherton and a member of his household. On 7 May 1978, Junior Brotherton owned a 1978 Dodge automobile insured by Southern Fire & Casualty Company and operated by Shew, who was 17 years old. Shew had been drinking beer at the time. A member of the sheriff's department tried to stop Shew, and Shew panicked. For a considerable period of time, Shew led the law enforcement officers on a chase throughout the territory at speeds of approximately 130 miles per hour. Shew believed that he had eluded the officers and resumed his driving. However, he suddenly was confronted by a roadblock of cars from the sheriff's department and crashed into them.

Shew pleaded guilty to driving 130 miles per hour in a 55 miles per hour zone to elude an officer, misdemeanor assault with a deadly weapon; to wit, an automobile, and injury to personal property. The judgment of the court was that Shew be imprisoned in the county jail for 18 months. This sentence was suspended, and Shew was placed on probation for a period of two years upon the condition, among other things, that he reimburse Iredell County for damages to its automobile. The probation judgment stated that this restitution was to be "an addition to what insurance coverage fails to pay as a result of liability damages or if insurance refuses to pay such damages."

The insurance company refused to pay anything, and Shew paid damages for the automobile totalling $5,748.00. Thereafter, Shew and Brotherton brought suit against Southern Fire & Casualty Company for the sum paid, and Iredell County was joined as a party defendant as the recipient of the sums paid by Shew and in order to assert its claims. Southern Fire & Casualty

Company moved the court for summary judgment, which was granted. Plaintiffs appeal.

*McElwee, Hall, McElwee & Cannon, by John E. Hall and William F. Brooks, for plaintiff-appellants.*

*Farthing & Cheshire, by Edwin G. Farthing, for defendant-appellee Southern Fire & Casualty Company.*

HILL, Judge.

We first note that this case is before us upon the granting of Southern Fire & Casualty Company's motion for summary judgment. Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). In ruling on a motion for summary judgment, the trial judge does not decide issues of fact but merely determines whether a genuine issue of fact exists. *Vassey v. Burch,* 301 N.C. 68, 269 S.E. 2d 137 (1980); *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972).

An examination of the policy in the present case reveals the following provision:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded as indicated in the schedule . . . .

The briefs of both parties argue, and Southern Fire & Casualty Company's brief concedes, that Shew was an insured under the policy. Southern Fire & Casualty Company simply denies liability under the policy, contending that Shew was not legally obligated to pay Iredell County, but rather volunteered to pay under the conditions of the probation judgment to avoid imprisonment. We conclude the argument of Southern Fire & Casualty Company is misplaced.

In their verified complaint, plaintiffs allege, among other things, as follows:

4. On the 7th day of May, 1978, at approximately 12:25 A.M., the plaintiff, Johnny Calvin Shew, was operating a 1978 Dodge automobile, which automobile was owned by and registered to Junior Brotherton, with whom the plaintiff, Johnny Calvin Shew, resided and was a member of his household and was operating said vehicle on the Jennings Road in Iredell County, State of North Carolina. The plaintiff, Johnny Calvin Shew, was attempting to evade officers of the Sheriff's Department of Iredell County and also the officers of the City Police Department of the City of Statesville, North Carolina, and was driving the said Dodge vehicle at a high and unlawful rate of speed and entered a plea of guilty to speeding in excess of 130 m.p.h. and he struck a vehicle owned by the County of Iredell while in said chase and the plaintiff, Johnny Calvin Shew, also entered a plea of guilty to assault with said vehicle, that is, said Dodge vehicle which he was driving.

5. The said Dodge vehicle, which is owned by and registered to Junior Brotherton, was insured by a policy of liability insurance issued by the defendant, Southern Fire and Casualty Company, insuring the plaintiffs as insureds, and the plaintiff, Johnny Calvin Shew, and the plaintiff, Junior Brotherton, were covered under said policy of insurance, which provided that each was an insured, the plaintiff, Johnny Calvin Shew, being insured because he was a member of the household of Junior Brotherton and was driving said vehicle as the agent and servant of the said Junior Brotherton under the family-purpose doctrine, the plaintiff, Johnny Calvin Shew, being a member of the household of Junior Brotherton, and the said vehicle was furnished to the said Johnny Calvin Shew as a mutual convenience of the members of the family of Junior Brotherton and his household, the said Junior Brotherton being the stepfather of the said Johnny Calvin Shew.

6. The said Johnny Calvin Shew entered a plea of guilty to various charges growing out of the chase by the officers of he and the vehicle he was driving, namely driving in excess of 130 m.p.h. and attempting to evade an officer and assault with a deadly weapon, namely an automobile, the said assault occurring when the plaintiff, Johnny Calvin Shew,

drove the Dodge vehicle into the Sheriff's Department vehicle.

7.  As a part of the criminal judgment against the said Johnny Calvin Shew, he was ordered to pay the sum of $275.00 per month into the office of the Clerk of Superior Court of Iredell County for damages to the vehicle that he struck with his Dodge vehicle, which was the assault on the officer with his Dodge automobile, until he has paid the sum of $5,748.00, being the damage owing and due to the Iredell County Sheriff's Department.

8.  The plaintiffs have made demand upon the defendant, Southern Fire and Casualty Company, to pay the damages to the Iredell County Sheriff's Department by reason of the plaintiffs being insureds of the defendant, Southern Fire and Casualty Company, under the terms of said policy of liability insurance but the defendant, Southern Fire and Casualty Company has wilfully failed to pay said damages.

In the answer filed by Southern Fire & Casualty Company, it admits paragraphs 4, 6 and 7. As to paragraph 5, Southern Fire & Casualty Company denies coverage but admits the remainder of the paragraph. As to paragraph 8, it admits demand upon it for payment of damages, but denies the remainder of the paragraph.

In his deposition taken 15 May 1981, Shew established substantially the allegations alleged in the complaint, and reviewed the proceedings at the trial of his criminal case. In addition, he testified that he borrowed money and paid the entire debt to Iredell County. Appended to the motion for summary judgment was an affidavit of the finance officer of Iredell County which verified that the debt had been paid in full. Also by affidavit, a vice-president of Southern Fire & Casualty Company identified a copy of the insurance policy. The trial judge concluded that all parties were in agreement as to the facts and circumstances, and that the case was appropriate for summary judgment, which he granted for Southern Fire & Casualty Company.

We conclude that the trial judge erred. A careful reading of the record reveals that the action is between Brotherton, owner

---

---

of the automobile, and Shew, who was covered under the policy, as plaintiffs, and Southern Fire & Casualty Company as defendant, for restitution paid by plaintiffs for damages suffered by Iredell County when Shew droved the automobile into the vehicle owned by Iredell County. We note that this is not a suit brought by plaintiffs for recovery of damages to their vehicle, but is for restitution to plaintiffs under a policy of public liability. The other allegations concerning Shew's criminal trial and judgment are immaterial to our decision.

Without question, had Iredell County chosen to sue Shew and Brotherton using the substance of the paragraphs quoted above, among other necessary matters, Southern Fire & Casualty Company would have assumed its responsibility to defend the suit and would have paid any judgment rendered against Shew and Brotherton. Here, plaintiffs simply elected to pay damages to Iredell County when Southern Fire & Casualty Company elected not to do so and to sue for reimbursement. For practical purposes, plaintiffs stand in the shoes of Iredell County prior to recovery of the damages with the same rights and subject to the same defenses. Under these circumstances, the purpose of liability insurance, to protect those damaged by the negligent operation of an automobile, is fulfilled by allowing coverage under the policy. *See Harrelson v. State Farm Mutual Automobile Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968); *see also* G.S. 20-309 to -319.

There are questions of fact as to the amount of damages to be recovered, if any. The trial judge erred in granting the motion for summary judgment.

Reversed.

Judge HEDRICK concurs in result only.

Judge BECTON dissents.

Judge BECTON dissenting.

The majority opinion allows the insured, Johnny Calvin Shew, to sue his insurance company and force it to pay restitution which was assessed as a result of a criminal judgment against

Shew v. Southern Fire and Casualty Co.

Shew. Believing that public liability insurance is designed to protect one from civil liability only, and believing that a contract insuring one against criminal liability would be void as against public policy,[1] I dissent.

With his consent, Shew's 18-month prison sentence was suspended and a probationary judgment was entered on nine specified conditions and on the further condition that Shew

(j) . . . [r]eimburse the county for property which was damaged or lost due to this offense in the amount of _____. This restitution shall be an [sic] addition to what insurance coverage fails to pay as a result of liability damage or if insurance refuses to pay such damages. In the event that restitution is made by this individual for the loss of this vehicle, two (2) estimates are to be given to the Probation Officer subject to approval by the Court for payment by this individual under his direction. All bills, either covered or otherwise by insurance are to be filed with the Probation Officer to demonstrate compliance with this restitution.

The relevant policy provision regarding property damage reads: "The Company will pay on behalf of the *insured* all sums which the insured shall become legally obligated to pay as damages because of . . . *property damage* to which this insurance applies, caused by an *occurrence* . . . " (Emphasis in the original.) I am not convinced that Shew was "legally obligated to pay as damages" the $5,748 he paid to the Sheriff's Department. He consented to the imposition of a suspended sentence on conditions and opted voluntarily to pay the restitution. In short, he was not *ordered* to pay restitution; he was *allowed* to pay restitution.

Further, in my view, the property damage sustained by the Sheriff's Department was not "caused by an occurrence" as defined in the policy. The policy defines occurrence as "an accident, including continuous or repeated exposure to conditions, which result in *bodily injury or property damage* neither expected nor intended from the standpoint of the *insured*." (Emphasis in original.) It is not disputed that Shew's action, resulting in property damage to the Sheriff's Department car, was intentional.

---

1. *See generally* Couch on Insurance 2d (Rev. ed.) § 45:2.

Shew cannot, under the definition of occurrence, be indemnified for his own intentional acts. *Cf. Insurance Company v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654 (1964) (the purpose of voluntary insurance is to save harmless the tortfeasor himself whereas the primary purpose of compulsory motor vehicle liability insurance is to compensate innocent victims, who have been injured by financially irresponsible motorists. Therefore, an assault is an accident when viewed from the viewpoint of the injured person, and there is no reason why the victim's right to recover from the insurance carrier should depend upon whether conduct of its insured was intentional or negligent).

The majority's resolution of this appeal overshadows several practical problems. First, the insurance company is not a party to the criminal action and, even if it knew about the criminal action, it could not participate. Second, although the burden of proof is more onerous in criminal cases than in civil cases (and that was not a factor here, since Shew pleaded guilty), there is usually no defense (or not as vigorous a defense) on the issue of damages at criminal trials since the criminal defendant is naturally more concerned about guilt or innocence. Third, restitution is completely within the discretion of the trial court. Defendant may be correct when it argues: "If criminal restitution is covered by insurance, . . . a Homeowner's Liability Insurance Policy could be called upon to pay restitution when an insured homeowner intentionally and criminally shoots someone on his property and restitution is provided for the victim or the victim's family." Fourth, although contributory negligence on the part of the Sheriff's Department could be raised in Shew's lawsuit against the insurance company, the insurance company's suggestion which follows, that the Sheriff's Department was not acting reasonably and prudently, graphically shows why the resolution of the contributory negligence issue should be made in a civil trial *prior* to any *judgment of restitution in a criminal action.*

> The Keystone Comedy Routine, which would be funny on a movie screen but which had all the potential in the world for tragedy on the highways of Iredell County, North Carolina, all started over a minor traffic violation. Cars bumping bumpers traveling down the highway at extremely high rates of speed, cars crashing into each other in service station driveways, running road blocks attempting to be set up, and

vehicles attempting to cut off other vehicles entering Interstate Highways, all at extremely high rates of speed, topped of [sic] by a violent crash on a narrow bridge in rural Iredell County makes most mandatory chase scenes in comedy movies pale by comparison. Yes, the Plaintiff was negligent, yes the conduct was outrageous, yes, it was willful and wanton. However, based on the Plaintiffs' testimony, and based on the light most favorable to him, the conduct of Iredell County Sheriff's Department was equally as willful and wanton. That, under the laws of the State of North Carolina, would constitute a good defense to a civil lawsuit if any such lawsuit had ever been instituted by the Sheriff's Department of Iredell County.

For the foregoing reasons I vote to affirm the trial court's Order granting summary judgment in favor of the defendant.