299 S.C. 14 (1989)
382 S.E.2d 11
SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent
v.
Dorothy MUMFORD, Joseph Bill McLamb, Jr., Canal Insurance Company, and North Carolina Farm Bureau Insurance Company, Defendants, of whom North Carolina Farm Bureau Insurance Company and Canal Insurance Company are Appellants. Appeal of NORTH CAROLINA FARM BUREAU INSURANCE COMPANY and Canal Insurance Company.
1358
Court of Appeals of South Carolina.
Heard January 24, 1989.
Decided June 26, 1989.
*15 Mary Layton Wells, of Hyman, Brown, Jeffords, Rushton & Hatfield, J. Boone Aiken, III, of Coleman, Aiken & Chase, and Brown W. Johnson, of Clarke & Johnson, Florence, for appellants.
Louis D. Nettles, of Nettles & Nettles, Florence, for respondent.
Harry R. Easterling, of Goldbery & Easterling, Bennettsville, for defendants.
Heard Jan. 24, 1989.
Decided June 26, 1989.
BELL, Judge:
This is an action for a declaratory judgment. It arises out of an automobile collision involving Dorothy Mumford and Joseph Bill McLamb, Jr. The South Carolina Farm Bureau Mutual Insurance Company is Mumford's third party liability insurance carrier. The North Carolina Farm Bureau Insurance Company provides uninsured motorist coverage for McLamb. The Canal Insurance Company provides collision coverage for McLamb. South Carolina Farm Bureau commenced this action against the other parties seeking a declaration that its policy provided no liability coverage for Mumford because the collision comes within the "intentional acts" exclusion of its policy. The circuit court held that the policy excludes liability on the facts of this case and that the exclusion clause is valid. North Carolina Farm Bureau and Canal appeal. We reverse.
The facts of the case are straightforward. On October 18, 1985, Mumford drove her automobile across the center line of a highway and struck McLamb's truck, which was approaching in the oncoming lane. Mumford saw the truck and deliberately collided with it in an attempt to commit suicide. She was under medical treatment for depression at the time. The collision caused personal injuries and property damage to McLamb.
Mumford's liability policy provides coverage for bodily injury or property damage for which the insured "becomes legally responsible because of an auto accident." It also contains the following exclusion clause:

*16 We do not provide Liability Coverage for any person ... [w]ho intentionally causes bodily injury or property damage.
The circuit court found that the injuries and damages to McLamb were intentionally caused by Mumford. Since there is evidence to support this finding of fact,[1] we affirm it on appeal. The court then held that the intentional act exclusion of South Carolina Farm Bureau's policy excluded coverage for the collision.
This appeal presents a question of first impression in the South Carolina courts: does the Financial Responsibility Act[2] mandate coverage for intentional acts of the insured? If it does, then the Act prevails over the terms of the insurance contract and the collision with McLamb is covered by Mumford's liability insurance policy with South Carolina Farm Bureau. See Hogan v. Home Insurance Company, 260 S.C. 157, 194 S.E. (2d) 890 (1973) (if provision in automobile policy excluding coverage conflicts with requirements of statute, statute controls).
We hold that the Act does mandate coverage in this case. The statute requires any automobile insurance policy issued in this State to insure against "loss from liability imposed by law" for damages arising out of the use of a covered motor vehicle. Code Section 38-77-140. It draws no distinction between intentional acts and negligent acts of the insured  if liability for damages is "imposed by law," coverage *17 must be provided. Without question, the law imposes liability on one who intentionally uses an automobile in a manner that causes damage to another. See M R & R Trucking Company v. Griffin, 198 So. (2d) 879 (Fla. Dist. Ct. App. 1967), cert. dismissed, 206 So. (2d) 210 (1968); Denton v. Arnstein, 197 Or. 28, 250 P. (2d) 407 (1952). Therefore, by the plain terms of the statute, the insurance policy must provide coverage for McLamb's damages.
This interpretation of Section 38-77-140 is supported by other provisions of the Financial Responsibility Act. Code Sections 56-9-20(7)(c) and 38-77-220 list certain exclusions which may properly be placed in an automobile liability policy. Neither section lists an intentional acts exclusion. This omission suggests such an exclusion is not valid. See Pennsylvania National Mutual Casualty Insurance Company v. Parker, 282 S.C. 546, 320 S.E. (2d) 458 (Ct. App. 1984) (exceptions made in a statute give rise to strong inference that no other exceptions were intended).
Additionally, Code Section 38-77-310 expressly authorizes an intentional acts exclusion for personal injury protection coverage. This raises a presumption that the Legislature would expressly authorize the same exclusion for third party liability coverage if it intended to permit insurance carriers to disclaim liability for intentional acts of the insured. See Kopp v. State, 100 Idaho 160, 595 P. (2d) 309 (1979) (where a section of a statute contains a given provision, the omission of that provision from a similar section is significant to show a different intention existed).
The decision of the Supreme Court of North Carolina in Nationwide Mutual Insurance Company v. Roberts, 261 N.C. 285, 134 S.E. (2d) 654 (1964), also supports our conclusion. In that case, the Court held that a North Carolina statute, identical in wording to South Carolina's, required the insurer to cover injuries to a third party intentionally inflicted by the insured through use of his automobile. Because it conflicted with the statute, an exclusion clause in the insurance policy was held to be unenforceable against the injured third party. We find the Roberts decision especially persuasive because our Legislature has directed us to construe the South Carolina Act so as to make uniform the laws of those states which enact substantially identical legislation. Section 56-9-120, Code of Laws of South Carolina, 1976.
*18 Relying on Pennsylvania National Mutual Casualty Insurance Company v. Dawkins, 551 F. Supp. 971 (D.S.C. 1982), South Carolina Farm Bureau argues that the Financial Responsibility Act requires only that "accidents" be covered by a third party liability insurer. The Bureau contends that reasonable exclusionary clauses which do not conflict with the plain wording or legislative purpose of the Act are permissible. Moreover, it asserts that to invalidate an "intentional acts" exclusion in the insurance contract violates the well established public policy that prohibits persons from insuring themselves against their own intentionally harmful acts.
These arguments overlook both the actual wording of the statute and a critical distinction between voluntary insurance and compulsory insurance.
The statute does not say insurers must cover "accidents" arising from the use of the insured vehicle; it says they must cover "liability imposed by law" on the insured. The only place the word "accident" appears in the statute is in a later clause limiting the amount of compulsory coverage to certain dollar limits "in any one accident." In this context, the word "accident" simply means "occurrence." Nationwide Mutual Insurance Company v. Roberts, supra. Since the Act mandates coverage if the law imposes liability for damages on the at fault insured, the exclusionary clause conflicts with the plain wording of the Act.
The exclusion also conflicts with the legislative purpose of the Act.[3] Insurance against third party loss arising out of the use of a motor vehicle is compulsory under South Carolina law. See Sections 56-10-10 and 56-10-20, Code of Laws of South Carolina, 1976, as amended. The primary purpose of compulsory insurance is to compensate victims who have been injured by at fault motorists, not, like that of voluntary insurance, to save harmless the insured himself. Nationwide Mutual Insurance Co. v. Roberts, supra. Accordingly, the victim's right to recover from the insurance carrier does not *19 depend upon whether the conduct of its insured was intentional or negligent. Id.
The principle that one should not be permitted to insure against his own intentional wrongdoing applies to voluntary insurance, not compulsory insurance. Where the Legislature makes coverage compulsory, instead of leaving it to the voluntary market, it has already balanced the public interest in prohibiting insurance for intentionally harmful acts against the public interest in compensating the victims of at fault motorists. By making coverage compulsory, it chooses to weigh the latter interest more heavily than the former. Once the Legislature has made that choice, there is no room for the courts to impose a different judgment based upon their own notions of public policy.
For the reasons stated, the judgment of the circuit court is
Reversed.
SHAW and GOOLSBY, JJ., concur.
NOTES
[1] Among other things, Mumford testified that she intended to hit McLamb's truck. We reject the argument that Mumford was incapable of committing an intentional act because she was suffering from clinical depression. See DeLoache v. Carolina Life Insurance Company, 233 S.C. 341, 104 S.E. (2d) 875 (1958).
[2] The Act and amendments thereto were codified in Chapter 9 of Title 56 of the Code of Laws of South Carolina, 1976, as amended. However, Article 7 of Chapter 9 of Title 56 has been recodified at Sections 38-73-470, 38-77-30, and 38-77-140 through XX-XX-XXX, Code of Laws of South Carolina, 1976, as amended. See Section 1 of Act No. 155, Acts and Joint Resolutions of the General Assembly of South Carolina, Regular Session, 1987. Section 38-77-140 states, in pertinent part:

No automobile insurance policy may be issued ... in this State ... unless it contains a provision insuring the persons defined as insured against loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of the [covered motor vehicle]....
[3] The Legislature directs that the Act shall be liberally construed to achieve its purposes. Section 38-77-20, Code of Laws of South Carolina, 1976, as amended.